THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS E. KANE, Defendant-Appellant.

Second District   No. 79-112

Opinion filed March 11, 1980.

642

Karlen R. Covey, of Covey, Covey & Waggoner, of Crystal Lake, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Thomas Kane, was found guilty in a jury trial of armed robbery and was sentenced to 9 years' imprisonment. He appeals, contending that (1) the trial court's denial of a continuance he requested was an abuse of discretion and denied him due process and the effective

assistance of counsel; (2) it was error to deny a hearing on defendant's motion to suppress an in-court and out-of-court identification; (3) he was denied the right to counsel when he was allegedly identified while being questioned by police and when a single photo of him was shown to a witness; (4) he was prejudiced by the State's closing argument; (5) he was prejudiced when the court terminated defense counsel's closing argument; and (6) the evidence was not sufficient to prove him guilty beyond a reasonable doubt.

On July 14, 1977, a man wearing a paper bag over his head and carrying a gun entered a gas station in the City of McHenry. He removed money from the cash register and left. The robber was described by various witnesses as wearing dark pants, blue pants or blue jeans; a brown shirt or a brown plaid shirt; and, while most witnesses did not notice his feet, one witness, Fred Dodd, testified at trial that the robber wore no shoes, although this was at variance with an earlier statement that he had made. Dodd, who was 13 at the time of the offense, was also the only witness to observe the robber without a paper bag on his head. For a period of approximately 30 to 40 seconds he saw the robber without the bag approaching the gas station in the daylight as the robber traveled 20 to 40 feet. After the robber left, Dodd told his stepbrother, who was present, that "we just got ripped off by Tom Kane." Dodd had previously seen the defendant at the gas station 10 or 11 times.

Defendant was stopped in his car later that evening. He was wearing a red and white striped shirt, blue jeans and no shoes. He testified that he was not wearing shoes at the time of his arrest because his ankle was swollen; no shoes were found in the car. Defendant had money in his pocket which was "crunched up" and in a "wad." Defendant's roommate testified that he loaned $150 to defendant the night before. Defendant testified and denied committing the crime.

■■ Defendant contends first that it was error to deny his motion for a continuance. The motion was made on the day of trial and alleged that defense counsel had been unable to locate a defense witness, and also that defense counsel had been unable to adequately prepare for trial due in part to an illness in his family. A motion for a continuance is addressed to the sound discretion of the court and will be considered in the light of the diligence shown on the part of the moving party; the decision of the court will not be disturbed on review absent an abuse of discretion. (*People v. Peterson* (1979), 70 Ill. App. 3d 205, 387 N.E.2d 951.) Although defendant was incarcerated in Wisconsin for some time prior to trial, there were over four months between the time counsel filed his appearance in the present cause and the time of defendant's arrest in Wisconsin, and there was an additional three weeks between defendant's release from Wisconsin and the first day of trial. It is our opinion that this was adequate

time for counsel to locate witnesses and prepare his case, given due diligence, and that any special problems could easily have been brought to the court's attention prior to the first day of trial. We conclude that there was no abuse of discretion in denying the motion for continuance.

■■■ Defendant next contends that it was error for the trial court to deny his motion to suppress the witness Dodd's identification of defendant, urging that it was tainted by an alleged "one man show up" and an improper one photo identification. Defendant contends that his motion, which was brought on the day of trial, but before trial began, was entitled to a hearing under section 114—12(c) of the Criminal Code. (Ill. Rev. Stat. 1977, ch. 38, par. 114—12(c).) That section governs hearings on motions to suppress evidence obtained in illegal searches and seizures, and we fail to see its application in the present cause. Regarding the merits of this argument, it appears that the officer who testified at the preliminary hearing that a "show up" occurred later corrected his testimony at trial and stated that such an incident did not occur; that he had been incorrectly informed prior to the preliminary hearing. Also, although only a single photo of defendant had been shown to Dodd, the identification of the defendant by a witness who knew the defendant prior to the crime is not influenced by any pretrial confrontation. (*People v. Mueller* (1973), 54 Ill. 2d 189, 295 N.E.2d 705.) Defendant was accordingly not prejudiced by the denial of the motion to suppress.

Defendant's third contention is that he was denied the right to counsel in that he was not allowed the presence of an attorney at the alleged "one man show up." As the testimony at trial revealed, such a procedure was not, in fact, conducted, and defendant was therefore not denied the right to counsel.

■■ Defendant next contends that he was prejudiced by numerous comments in the State's closing argument which noted defendant's failure to call alibi witnesses. Defendant included the names of two alibi witnesses on his list of witnesses and made mention of them during opening argument. Defendant also testified that he was visiting with these people at the time of the offense. Since defendant was the one to inject these witnesses into the case, and then did not call them, it was proper for the State to comment on the failure to call them since this is a factor the jury may properly consider. *People v. Blakes* (1976), 63 Ill. 2d 354, 348 N.E.2d 170.

■■ ■ Defendant also contends that the trial court acted improperly in cutting short defense counsel's closing argument. It is proper for a trial court to impose a reasonable limit on the time for presenting argument to the jury. (*People v. Kroll* (1924), 315 Ill. 115, 145 N.E. 814.) Here, the court placed a limit of 1 hour on closing argument; defense counsel was warned by the court that his time was almost up, and when the hour was

finished the court allowed him an additional 2 minutes to conclude his argument. Since there was little material evidence and the issues were not complex, we believe that 1 hour was sufficient to argue the case if counsel were to reasonably allocate his time; it is not improper for the trial court to enforce the time limit within its discretion. Although the defendant has argued on appeal that it was understood that more time would be granted for argument if necessary, the record is silent on this point.

■ Defendant finally contends that the evidence was insufficient to find him guilty beyond a reasonable doubt. The testimony of a single witness, if positive and credible, is sufficient to support a conviction, even if contradicted by the accused; further, an identification is strengthened to the extent of any prior acquaintance the witness might have had with the defendant. (*People v. Sparkman* (1979), 68 Ill. App. 3d 865, 386 N.E.2d 346.) In light of the testimony of the witness Dodd, and the circumstances surrounding the defendant's arrest, we conclude that there was sufficient evidence for the jury to believe that defendant was guilty beyond a reasonable doubt.

The verdict and judgment are accordingly affirmed.

Affirmed.

SEIDENFELD, P. J., and VAN DEUSEN, J., concur.