THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH HANSON, Defendant-Appellant.

Fifth District No. 83—130

Opinion filed December 8, 1983.

Randy E. Blue and Dan Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Gerald A. Sims, Jr., State's Attorney, of Pinckneyville (Stephen E. Norris and Mark A. LaRose, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Kenneth Warren Hanson was convicted after a bench trial in the circuit court of Perry County of unlawful possession of firearms and firearms ammunition within five years of having been convicted of a felony or within five years of release from the penitentiary. (Ill. Rev. Stat. 1981, ch. 38, par. 24—3.1(a)(3).) He was sentenced to seven months in prison. He appeals from his conviction on three grounds, contending that (1) the court erred in denying his motion for automatic substitution of judge provided by section 114—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114—5(a)); (2) the court abused its discretion in denying defendant's motion for a continuance for the purpose of obtaining a material occurrence witness; and (3) the court abused its discretion in denying defendant's motion for a continuance to allow his retained counsel to prepare for trial.

This case arose from a dispute on March 9, 1982, between a tavern keeper and an exotic dancer. Hanson, the tavern keeper, refused to pay the dancer for her evening's work. It was alleged by the dancer and a customer who had come to her aid that Hanson threatened them with a shotgun or rifle as they approached the back door of the tavern where they thought Hanson would give the dancer her money. Although a sheriff's deputy investigated the incident, no gun was found.

On April 14, 1982, Hanson was charged with two counts of aggravated assault with a deadly weapon and one count of unlawful possession of firearms and firearms ammunition. The court appointed the

public defender who represented defendant through numerous hearings over a period of months. On April 19, 1982, and September 7, 1982, Hanson was ordered to appear at readiness calls before Judge Bastien, the presiding judge of Perry County. On October 4, 1982, a jury docket was filed which set Hanson's case for trial on October 25, 1982. At a hearing on October 5 before Judge Bastien, defense counsel requested a continuance to the "next jury docket" in order to locate an occurrence witness who had moved to Oklahoma. The court denied the motion on the ground that there was no realistic possibility of finding the witness in spite of the defendant's diligence. After granting a defense motion to sever counts, the court asked the State which of the severed counts it wished to try "during this jury session." When the State elected to try the assault charges, the court said that Hanson's case would be set down for immediate trial. By the end of the October 5 hearing, Hanson knew that his trial on the two counts of assault was set for October 25. On October 25, Hanson was granted another continuance.

A jury docket filed on January 10, 1983, again set Hanson's case for trial. On January 17, 1983, Hanson moved for a substitution of judges as provided in section 114—5(a) of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1981, ch. 38, par. 114—5(a).) The motion was denied because, as Judge Bastien later explained in an affidavit, the motion came "after the 10 day period prescribed by statute." On the first day of trial, on January 31, Judge Bastien denied Hanson's motion for a continuance so that Hanson's private counsel, retained only that morning, could prepare for trial. The court also denied a similar motion by private counsel made later that same day, but he permitted both defense counsel to participate actively in the trial. Hanson was convicted on the single count of unlawful possession of firearms.

■ We first consider whether a motion for substitution under section 114—5(a) is timely when it is filed only after the defendant's trial is set before the same judge for the second time. We find that it is not timely under the circumstances in this case.

To enhance the impartiality of the judicial process, the legislature has provided that:

"Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of that judge *** on the ground that such judge *** [is] so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the cause but shall

transfer it to another judge not named in the motion." (Ill. Rev. Stat. 1981, ch. 38, par. 114—5(a).)

This provision is to be construed liberally in order to promote rather than defeat the right to a substitution. However, the defendant must bring himself within the statutory requirements before he has a right to a substitution of judges. (*People v. Evans* (1979), 75 Ill. App. 3d 949, 394 N.E.2d 710.) He must file his motion within 10 days after his cause has been "placed on the trial call of a judge" or within 10 days of the date he can be charged with knowledge of the assignment of his cause to a trial judge. *People v. Samples* (1982), 107 Ill. App. 3d 523, 437 N.E.2d 1232; *People v. Oatis* (1979), 69 Ill. App. 3d 736, 387 N.E.2d 1052.

If the jury docket of January 10, 1983, had been the only notice to Hanson to appear at trial before Judge Bastien, there would be no doubt that the motion filed on January 17 brought Hanson within the 10-day limit. However, Hanson's trial had been previously set on the jury docket of October 4. He thus had the same kind of notice in October that he would appear before Judge Bastien as that to which he responded in January with a motion for substitution. The notice given by the October 4 jury docket was confirmed at Hanson's appearance before Judge Bastien on October 5 where he was told his trial on two counts of aggravated assault would be "set down" on the October jury setting. Inasmuch as Judge Bastien was the presiding judge of Perry County and Hanson had appeared before no other judge in this matter, the events of October 4 and 5 gave Hanson notice that Judge Bastien would hear his case. (See *People v. Aldridge* (1981), 101 Ill. App. 3d 181, 427 N.E.2d 1001; *People v. Evans* (1979), 75 Ill. App. 3d 949, 394 N.E.2d 710.) This case is to be distinguished from *People v. Samples* (1982), 107 Ill. App. 3d 523, 437 N.E.2d 1232, where we held that the local practice in Williamson County, where a certain judge heard all criminal cases unless ill or unavailable, was not the equivalent of the contemplated statutory notice of assignment to a particular judge.

Hanson does not argue the grounds for his January motion arose after October. Indeed, his affidavit of January 21, offered in support of a motion for substitution under section 114—5(c), shows that the grounds alleged as the basis of Judge Bastien's prejudice would have been equally true in October. We think that the October 4 jury docket set the 10-day clock running, and Hanson let his time for substitution of judge run out.

We turn now to a consideration of the trial court's denial of defendant's motions for continuance to obtain an occurrence witness

from Oklahoma and to permit retained counsel to prepare for trial. All motions for continuances are addressed to the discretion of the trial court and will not be overturned in the absence of abuse of that discretion. (*People v. Kane* (1980), 81 Ill. App. 3d 641, 401 N.E.2d 1310; *People v. Peterson* (1979), 70 Ill. App. 3d 205, 387 N.E.2d 951.) A defendant seeking a continuance to produce a witness must present facts showing diligent efforts to make the witness available. (*People v. Boyce* (1977), 51 Ill. App. 3d 549, 366 N.E.2d 914.) When the defendant first moved in September 1982 for a continuance to obtain testimony from the barmaid on duty, an alleged occurrence witness who had moved to Oklahoma, the court denied the motion. While seeming to recognize the defendant's diligence, the court nevertheless observed that Hanson had been unable to produce the telephone number of the witness' parents who were believed to live in Pinckneyville, Perry County. The court concluded that there was no reasonable chance that the witness would be located in time for the October trial.

Only shortly before the second trial was to begin in January, 1983, was the defendant able to find the witness' address, although his attorney had told him for several months they needed it. Hanson testified that his counsel had the address three weeks before writing to the witness. The witness had not responded to the letter at the time of trial. In the absence of any facts to show the diligent pursuit of the missing witness and considering the length of time the case had been pending, we do not see that the trial court abused its discretion in denying the second motion for a continuance to obtain the witness from Oklahoma.

Nor do we think the trial court abused its discretion in denying a continuance for substitution of counsel when that motion was first made on the morning of trial and after the public defender had represented the defendant for 10 months without complaint from the defendant. The record shows that Hanson retained counsel only on the morning of the January 31 trial. A defendant is entitled to counsel of his own choice, but he may not use this right to frustrate the effective prosecution of his case. (*People v. Solomon* (1962), 24 Ill. 2d 586, 182 N.E.2d 736, *cert. denied* (1962), 371 U.S. 853, 9 L. Ed. 2d 87, 83 S. Ct. 94.) The trial court is to consider all the circumstances in deciding whether to grant or deny a continuance for substitution of counsel. (*People v. Gray* (1981), 96 Ill. App. 3d 757, 422 N.E.2d 45.) His denial of the motion will not be cause for a reversal of a conviction unless it appears that the defendant's rights were prejudiced. (*People v. Solomon* (1962), 24 Ill. 2d 586, 182 N.E.2d 736, *cert. denied* (1962), 371 U.S. 853, 9 L. Ed. 2d 87, 83 S. Ct. 94.) Where a compe-

tent public defender actively represented Hanson for 10 months and private counsel was allowed to work with the public defender at trial in a lengthy and vigorous defense, we find that the trial court properly exercised its discretion in balancing the defendant's right to counsel against the State's right to insist on the prompt and effective administration of justice. *People v. Langdon* (1979), 73 Ill. App. 3d 881, 392 N.E.2d 142.

The judgment of the circuit court of Perry County is hereby affirmed.

Affirmed.

Welch, P.J., and HARRISON, J., concur.