THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PETER REDISI, Defendant-Appellant.

Second District No. 2—89—0060

Opinion filed September 27, 1989.

798

Julius Lucius Echeles and Frederick F. Cohn, both of Chicago, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers,

of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

´ PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Following a jury trial, defendant, Peter Redisi, was convicted of home invasion (Ill. Rev. Stat. 1987, ch. 38, par. 12—11). The trial court sentenced defendant to a 45-year extended term of imprisonment. Defendant appealed, and this court affirmed the conviction but vacated the sentence and remanded the cause for imposition of a nonextended term of imprisonment. (*People v. Redisi* (1988), 172 Ill. App. 3d 1003.) Defendant was subsequently resentenced to a 30-year term of imprisonment after the trial court denied his motion for a substitution of judge (Ill. Rev. Stat. 1987, ch. 38, par. 114—5(a)). Defendant appeals, contending that it was error for the trial court to deny his motion for a substitution of judge at the resentencing stage of the proceedings. We agree. We therefore vacate the amended judgment and sentence entered on January 6, 1989, and remand the cause for resentencing proceedings consistent with this opinion.

After this court first remanded the cause for resentencing, the cause was placed on the calendar of Judge Harry D. Hartel, Jr., for resentencing. Judge Hartel did not preside at defendant's jury trial. It is undisputed that defendant's motion for a substitution of judge was placed on Judge Hartel's calendar, and it appears from the record that no substantive rulings were made by Judge Hartel prior to denying defendant's motion. In denying defendant's motion, the trial court reasoned that the trial was over and that defendant was not entitled to an automatic substitution of judge pursuant to section 114—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 114—5(a)). That section reads:

"Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of that judge on the ground that such judge is so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion. The defendant may name only one judge as prejudiced, pursuant to this subsection; provided, however, that in a case in which the offense charged is a Class X felony or may be punished by death or life imprisonment, the defendant may name two judges as

prejudiced." Ill. Rev. Stat. 1987, ch. 38, par. 114—5(a).

Based on its particular facts, this appeal presents a matter of first impression in this court. Defendant argues that sentencing is a part of a trial, and thus when the cause was placed on Judge Hartel's calendar for resentencing according to this court's order remanding the cause, it was "on the trial call" of that judge within the meaning of the statute, and he was entitled to invoke the automatic substitution of judge provision to obtain a fair sentencing hearing. Defendant buttresses this argument by pointing out that the "imposition of a sentence in a criminal case is a 'critical' stage of the trial" to which certain due process rights attach, such as the right to counsel. *People v. Vesley* (1967), 86 Ill. App. 2d 283, 288.

The State does not dispute that sentencing may be deemed a part of the trial but argues that a motion for the automatic substitution of a judge must be brought before the trial itself. The State attempts to garner support for its position from our supreme court's decision in *People v. Emerson* (1987), 122 Ill. 2d 411. In *Emerson,* the defendant's conviction was reversed on appeal, and the cause was remanded to the trial court for a new trial. Upon remand, the cause was assigned to the same judge who had presided at defendant's first trial. The *Emerson* court noted that a request for an automatic substitution must be made before the trial judge rules on a substantive matter in the case and went on to conclude that the remand constituted a continuation of the original proceedings for purposes of this provision. (*Emerson,* 122 Ill. 2d at 424.) Therefore, the motion was not timely as the cause had been on the judge's trial call for a long time. See *People v. Crow* (1988), 168 Ill. App. 3d 744, 755.

The State interprets *Emerson* to mean that, where a motion is not timely brought if it is filed before a retrial after remand, then it is certainly not timely brought if it is filed before a resentencing hearing after remand. We believe that the State is not focusing on the appropriate factor in the *Emerson* decision. Critical to the *Emerson* decision was the fact that the motion was brought after remand before the same judge who had presided at defendant's trial. The trial judge had obviously made substantive rulings in the case, and the resentencing was merely a continuation of the same proceeding. Therefore, defendant's motion came too late.

Here, by contrast, the reality of the changes in defendant's situation must be taken into account. Defendant was presented with a new trial judge whose impartiality he had never had the opportunity to challenge. Defendant apparently brought his motion at the earliest opportunity before this judge had made any substantive rulings. We

will therefore look to see if defendant's motion can be properly brought within the statute.

■■ The purpose of the provision for the automatic substitution of judge is to enhance the impartiality of the judicial process. (*People v. Hanson* (1983), 120 Ill. App. 3d 84.) Assuming good-faith allegations of prejudice and compliance with the statute, the right of the defendant to a substitution of judge is absolute. (*People v. Samples* (1982), 107 Ill. App. 3d 523, 526; *People v. Ehrler* (1969), 114 Ill. App. 2d 171, 178.) Our supreme court has vigorously upheld the basic constitutional right to a trial before a fair and impartial judge; this is reflected in that court's long held view that the automatic substitution statute should be construed liberally to promote rather than defeat substitution and in its willingness to find reversible error where the statute is not so construed. *People v. Walker* (1988), 119 Ill. 2d 465, 480-81 (and cases cited therein).

■■ ■ Once the motion is properly brought, the trial judge loses all power and authority over the cause except to make the necessary orders to effectuate the change, and if a defendant's motion is improperly denied, all subsequent action of the trial court is void. (*Samples*, 107 Ill. App. 3d at 527.) The right to invoke the protection of the statute accrues only after a cause is assigned to a particular judge (*People v. Williams* (1988), 124 Ill. 2d 300, 307), and the motion is timely if it is brought within 10 days of the date the defendant could be "charged with knowledge" of the assignment of the case to a trial judge (*People v. Aldridge* (1981), 101 Ill. App. 3d 181, 184). Technical defects in a motion for a substitution of judge may be overlooked if the judge assigned to the case has not ruled on substantive issues. *People v. Howell* (1974), 16 Ill. App. 3d 989, 993.

■ The liberal construction rule is intended to guarantee a fair and impartial trial implicit in our legal system. (*People v. Samples*, 107 Ill. App. 3d at 526; *People v. Flowers* (1977), 47 Ill. App. 3d 809, 811.) In order to effectuate the purpose of the statute, we believe that, upon remand, when a defendant is assigned a new judge whose impartiality he has had no opportunity to challenge, defendant should be able to invoke the automatic substitution statute so long as he meets the prerequisites established by law.

■ We are cognizant of the differences between a "trial" and a "sentencing" proceeding. (See, *e.g., People v. Vincent* (1946), 394 Ill. 165, 170; *State v. Johnson* (La. 1978), 363 So. 2d 458, 461; 88 C.J.S. *Trial* §§1 through 3 (1955); 75 Am. Jur. 2d *Trial* §§1, 3 (1974); see also 24 C.J.S. *Criminal Law* §1556 (1961).) However, we are satisfied that "trial" is not a word of rigid definition; it may include a ju-

dicial examination, in accordance with the law of the land, either civil or criminal, of the issues between the parties, whether of law or of fact, before a court that has jurisdiction over it. (*People v. Agnew* (1985), 105 Ill. 2d 275, 279.) In its broadest sense, "trial" may refer not merely to the proceedings beginning with the impanelling of the jury and ending with the verdict, but it may also include all the preliminary and subsequent proceedings arising in the progress of the case. (*People v. Looney* (1924), 314 Ill. 150, 153.) Similarly, under the liberal construction rule, the "trial call" of a judge can be said to include the pronouncement of sentence for purposes of the automatic substitution of judge provisions. In this case, we are satisfied that "trial call" includes the reassignment of the case to a new judge for resentencing purposes.

 We hold that, when a cause is reassigned to a new judge for proceedings subsequent to the rendition of a verdict and where such proceedings can be reasonably said to be a continuation of the cause as it is upon remand, the defendant should be able to invoke the automatic substitution of judge provisions, assuming that he has not had any prior opportunity to do so as to that particular judge, and assuming that he meets all the other established legal prerequisites.

Our decision is supported by the analogous situation presented in *In re Marriage of Kozloff* (1984), 101 Ill. 2d 526. In *Kozloff*, the court interpreted the civil provisions for a substitution of judge (Ill. Rev. Stat. 1987, ch. 110, par. 2—1001(c)) to permit the automatic substitution of a judge in a post-decree proceeding where the cause had been reassigned to another judge, and the motion was made before that judge had made any substantive ruling. The court stated that "the assignment of a different judge at any point in the proceedings entitles the parties to a change of venue as of right if that judge has not made substantial ruling in the case." 101 Ill. 2d at 532.

 The purpose of both civil and criminal venue provisions is the same: to secure a judge who is unprejudiced to preside at the proceedings. (*People v. Gerold* (1914), 265 Ill. 448, 451.) The need for an impartial judge is no less compelling in a criminal case than it is in a civil case. Thus, whether a civil or criminal matter is involved, when a petition for an automatic substitution of judge is timely filed in due form, the right to a change is absolute, and the request should be granted. See *People v. Wilson* (1967), 37 Ill. 2d 617, 619.

Finally, we observe that our holding should not create a severe administrative inconvenience upon the judiciary because the sentencing judge is normally the one who presides at trial unless a court of

review specifies otherwise upon remand. See *People v. Easley* (1988), 119 Ill. 2d 535; Ill. Rev. Stat. 1987, ch. 38, par. 1005—4—1(b).

For the foregoing reasons, we vacate the amended judgment and sentence and remand the cause for resentencing proceedings consistent with this opinion.

Vacated and remanded.

NASH and DUNN, JJ., concur.