THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TIMOTHY T. RYAN, JR., Defendant-Appellant.

Second District    No. 2—92—1147

Opinion filed June 29, 1994.

Timothy T. Ryan, Jr., of Warrenville, appellant *pro se.*

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:

After a jury trial, defendant, Timothy Ryan, Jr., was convicted of speeding (Ill. Rev. Stat. 1989, ch. 95$^1$/2, par. 11—601(b) (now 625 ILCS 5/11—601(b) (West 1992))) and fined $200 and costs. On appeal, defendant argues that the trial court erred in denying his motion for

an automatic substitution of judges. (See Ill. Rev. Stat. 1989, ch. 38, par. 114—5(a) (now 725 ILCS 5/114—5(a) (West 1992)) (section 114—5(a) herein).) Defendant filed his motion for substitution after we vacated his initial conviction and remanded the cause for a new trial. (*People v. Ryan* (2d Dist. 1991), Nos. 2—90—1352, 2—90—1353 cons. (unpublished order under Supreme Court Rule 23).) There, we vacated defendant's conviction of speeding because the trial court improperly denied defendant's timely motion for an automatic substitution of judges.

On February 26, 1990, defendant was charged with speeding. The case was assigned for a jury trial before Judge Richard A. Lucas. Defendant filed a timely motion for substitution of judges, but Judge Lucas denied the motion. Defendant was convicted of speeding and of direct criminal contempt of court.

In his first appeal, we reversed defendant's contempt conviction, vacated his conviction of speeding, and remanded the cause for a new trial before a different judge. We held that under section 114—5(a) defendant was entitled to a substitution of judges upon his proper and timely motion. Section 114—5(a) provides:

"Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of that judge on the ground that such judge is so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the trial court shall proceed no further in the cause but shall transfer it to another judge not named in the motion." Ill. Rev. Stat. 1989, ch. 38, par. 114—5(a) (now 725 ILCS 5/114—5(a) (West 1992)).

Because section 114—5(a) required the trial court to grant defendant's timely motion, which it failed to do, the trial proceedings after the denial of the motion were void and the conviction and sentence had to be vacated. *Ryan*, Nos. 2—90—1352, 2—90—1353 cons., slip op. at 9-11.

On remand, the circuit clerk initially placed defendant's case back on the status call of Judge Lucas. In view of the direction of our mandate, Judge Lucas immediately recused himself and reassigned the cause to Judge John T. Elsner. Within 10 days, and before Judge Elsner made any substantive rulings in the case, defendant filed a written section 114—5(a) motion for substitution of judges. Defendant alleged that he believed that he could not receive a fair trial from Judge Elsner.

The trial court (Judge Elsner) denied defendant's motion and his motion to reconsider. Thereafter, Judge Elsner entered orders, at various times, continuing the case for trial, setting bail, issuing arrest

warrants against the defendant for failure to appear, quashing trial subpoenas, requiring defendant to remove his face mask or produce a doctor's prescription for the wearing of a face mask in court, forfeiting bail bond, and orally requiring that defendant leave the courtroom and that a bailiff take defendant into custody. Finally, defendant went to trial before a jury and a judge other than Judge Elsner. After defendant was convicted and sentenced, he filed this timely appeal.

Relying solely on our decision in *People v. Redisi* (1989), 188 Ill. App. 3d 797, defendant maintains that his second motion for substitution of judges was timely and proper because the reassignment of the case, upon remand, to Judge Elsner entitled defendant to file a new motion to challenge a trial judge whom defendant had had no previous opportunity to challenge. The State responds that this court's earlier order remanding the case for trial before a different judge effectively granted defendant's original motion for substitution of judges and that defendant's second motion, directed against Judge Elsner, was untimely and unwarranted.

The purpose of the provision for automatic substitution of judge is to enhance the impartiality of the judicial process. (*Redisi*, 188 Ill. App. 3d at 801; *People v. Hanson* (1983), 120 Ill. App. 3d 84, 86.) Section 114—5(a) gives a defendant the absolute right to a substitution of judges upon the timely filing of a proper written motion for substitution. (*People v. Walker* (1988), 119 Ill. 2d 465, 470.) Because the right to a fair and impartial trial judge is fundamental, section 114—5(a) is to be construed liberally to promote rather than to defeat substitution. (*Walker*, 119 Ill. 2d at 480-81.) "Once the motion is properly brought, the trial judge loses all power and authority over the cause except to make the necessary orders to effectuate the change, and if a defendant's motion is improperly denied, all subsequent action of the trial court is void." *Redisi*, 188 Ill. App. 3d at 801.

We disagree with defendant that our decision in *Redisi* stands for the proposition that when a reviewing court has reversed and ordered that a cause be reassigned to a different judge because the trial court erroneously denied the defendant's section 114—5(a) motion for automatic substitution of judges, the defendant will be entitled to receive yet another automatic substitution following remand and reassignment.

In *Redisi*, the defendant's sentence was vacated on appeal and the cause remanded for a new sentencing hearing. When the sentencing hearing was assigned to a different judge, the defendant moved for a substitution pursuant to section 114—5(a) and that mo-

tion was denied. Concluding that the sentencing hearing was an important aspect of the "trial" and that the defendant had timely filed his motion for automatic substitution after the cause was placed on the trial call of the new sentencing judge, this court reversed. We noted that there was no earlier opportunity for the defendant to have excluded that judge and held, "assuming that he [met] all the other established legal prerequisites," defendant was entitled to invoke the automatic substitution provision within 10 days of the cause being placed on the "trial call" of the new sentencing judge following remand. *Redisi*, 188 Ill. App. 3d at 802.

We interpret *Redisi* to mean that a defendant, in this scenario, who has not already expended his statutory allotment of automatic substitutions, will not be barred from doing so because of his previous failure to make the motion within 10 days of when the case was initially assigned to the original trial judge.

A prominent distinction in the present case, however, is that the sole purpose of defendant's first appeal was to enforce his statutory right to a substitution from Judge Lucas, thereby obtaining a trial before a different judge. The effect of this court's action in reversing defendant's conviction and remanding for trial before a different judge was to grant defendant the relief he sought, *i.e.*, a trial before a judge other than Judge Lucas.

We are aware of no authority, and defendant has submitted none, for defendant's position that a reviewing court's remand operates to initiate a separate and distinct prosecution which would begin anew defendant's rights of substitution of judges without regard to his exercise of those rights prior to remand. On the contrary, our supreme court has held that a remand for a new trial is to be construed as a continuation of the original proceedings for purposes of applying the automatic substitution of judges statute. (*People v. Emerson* (1987), 122 Ill. 2d 411, 424.) In *Emerson*, defendant's conviction was reversed on unrelated grounds, and the cause was remanded for a new trial without direction as to the identity of the trial judge. The circuit court assigned the retrial to the same judge who had presided at the original trial. The defendant then filed a section 114—5(a) motion for automatic substitution within 10 days of the case being placed on that judge's trial call for the second time. The motion was denied. The defendant was again convicted and appealed, contending that the judge erred in denying his substitution motion. The supreme court affirmed the second conviction rejecting the defendant's argument that the cause on remand was a new proceeding for purposes of section 114—5(a). The court held that the defendant's motion was untimely because it was made more than 10

days after the cause was, in the first trial, originally placed on the judge's trial call. (*Emerson*, 122 Ill. 2d at 421-24.) Although we recognize that the issue in the present case does not arise in a context parallel with the circumstances of *Emerson*, we nonetheless find support therein for our conclusion that, here, the circumstance of a remand should not be viewed as triggering a renewal of defendant's substitution rights under section 114—5(a).

In arguing that the remand should be viewed as providing for a newly initiated prosecution, defendant alludes to the established principle that once an automatic substitution motion is properly brought, the trial judge is deprived of all power and authority over the cause, except to enter the necessary orders to make the change, and if the motion is improperly denied, all subsequent action of the trial court is void. (See *Redisi*, 188 Ill. App. 3d at 801.) However, we interpret this rule as constituting nothing more than a protection of the defendant against the prejudicial effect of continued rulings by a judge who should have been disqualified under the statute. We do not view this principle as providing any support for the notion that the same proceedings do not continue for purposes of section 114—5(a), following a remand from the reviewing court. See *Emerson*, 122 Ill. 2d at 424.

Were we to accept defendant's invitation to again reverse his conviction and remand for a new trial before a different judge, defendant would accordingly have the option, under his analysis, of bringing yet a third section 114—5(a) motion in the trial court, which would require the case to be assigned to a fourth judge. We conclude that defendant was entitled to only one substitution. (See Ill. Rev. Stat. 1989, ch. 38, par. 114—5(a) (now 725 ILCS 5/114—5(a) (West 1992)).) We hold that by originally moving in the trial court for a substitution under section 114—5(a) and ultimately prevailing in his first appeal to achieve this substitution, defendant thereby expended his only statutorily authorized automatic substitution and was not entitled to another following remand.

Similarly, we are unpersuaded by defendant's contention that he was prejudiced by the circuit clerk's placing the cause on Judge Lucas' status call contrary to our remand order that defendant be tried before a different judge. Judge Lucas took no further action other than to immediately recuse himself and to transfer the case to another judge for trial. Defendant cites no authority for his claim that failure to observe a local rule regulating reassignment procedures could provide a basis for reversal of his conviction. In any event, both points concerning the perfunctory action by Judge Lucas in transferring the cause to another trial judge are raised for the first time in

6

defendant's reply brief. Points not argued in an appellant's brief are waived and shall not be raised in the reply brief. 145 Ill. 2d R. 341(e)(7); *Clayton v. Bradford National Bank* (1993), 250 Ill. App. 3d 775.

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

BOWMAN and QUETSCH, JJ., concur.