THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTONIO CRAIG, Defendant-Appellant.

Second District   No. 2—98—0841

Opinion filed May 5, 2000.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Daniel N. Malato, of Cary, for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Antonio Craig, appeals from his sentence of 60 years' imprisonment. We affirm in part and vacate in part.

Defendant was convicted of attempted murder (Ill. Rev. Stat. 1991, ch. 38, par. 8—4(a)) and aggravated battery with a firearm (Ill. Rev. Stat. 1991, ch. 38, par. 12—4.2) and sentenced to concurrent prison terms of 90 and 20 years, respectively. On direct appeal, this court affirmed both convictions but vacated the 90-year sentence for attempted murder and remanded the cause for resentencing on that charge. See

*People v. Craig*, No. 2—94—0295 (September 23, 1996) (unpublished order under Supreme Court Rule 23). Defendant was resentenced to a term of 60 years' imprisonment. The trial court denied defendant's motion to reconsider the sentence. This appeal followed.

Defendant first contends that the court erred in denying his motion for substitution of judge. The victim in this case, Sheri Glover, was a police officer at the time of the shooting. By the time this case was remanded for resentencing, Glover was employed as a bailiff in the Winnebago County courthouse assigned to Chief Judge Robert Coplan. Defendant filed a motion seeking the substitution of all the judges in the Seventeenth Judicial Circuit and the appointment of a judge from another circuit for the resentencing. Defendant's motion was heard by Judge Barry R. Anderson of the Fifteenth Judicial Circuit, who granted the motion as to Judge Coplan but denied the motion as it pertained to all other judges in the Seventeenth Judicial Circuit. Defendant subsequently was granted a substitution of the judge assigned to his resentencing, and the cause was eventually handled by Judge K. Craig Peterson.

■ Defendant argues that the failure to disqualify every judge in the Seventeenth Judicial Circuit lent the resentencing proceedings an air of impropriety, as *all* the judges, to whom the victim *could be* assigned, had reason to be prejudiced against defendant. The possible relationship between the judges and the victim, coupled with the original imposition of an improper 90-year sentence and the publicity of the case in the Rockford area, allegedly treated the public to the vision of a court bent on revenge.

We disagree. The mere fact that a judge has some relationship with someone involved in a case, without more, is insufficient to establish judicial bias or to warrant a judge's removal from a case. *People v. Steidl*, 177 Ill. 2d 239, 264 (1997). Specific facts showing an alleged relationship with the judges are required. *Faris v. Faris*, 142 Ill. App. 3d 987, 997 (1986). Here, defendant has alleged nothing beyond the victim's employment in the courthouse to establish bias. Judge Anderson prudently granted the motion as to Judge Coplan, to whom the victim was currently assigned, thus avoiding the appearance of Judge Coplan ruling on a case involving someone currently within his immediate supervision. Even this action may not have been legally necessary, as nothing more than an indirect, nonsupervisory relationship between Judge Coplan and Sheri Glover was alleged. However, any possible appearance of impropriety was thereby avoided. Defendant has utterly failed to make any other allegation regarding any particular judge in the Seventeenth Judicial Circuit or against the circuit as a whole. The decision to disqualify a judge, let alone all the

judges of a judicial circuit, is not to be made lightly. See *Steidl*, 177 Ill. 2d at 264. The determination of prejudice or the absence of prejudice will stand unless it is against the manifest weight of the evidence. *People v. Mercado*, 244 Ill. App. 3d 1040, 1047 (1993). We conclude that defendant has failed to sustain this burden, and we will not reverse the trial court's denial of this motion.

■ Defendant next argues that the trial court erred when, on remand for resentencing, it failed to vacate his conviction of attempted murder under the one-act-one-crime rule. Defendant never raised this issue at the time of his original sentencing or on his direct appeal; instead, he raised it for the first time on remand for resentencing. The trial court vacated the conviction of aggravated battery with a firearm instead of vacating the attempted murder conviction as defendant requested.

On remand, a trial court may only do those things directed by the reviewing court in the mandate; it has no authority to act beyond the dictates of the mandate. *Aardvark Art, Inc. v. Lehigh/Steck-Warlick, Inc.*, 284 Ill. App. 3d 627, 631 (1996). The mandate in this case vacated defendant's sentence for attempted murder only and remanded the cause for resentencing on that issue. By vacating defendant's conviction of aggravated battery with a firearm, the trial court exceeded its jurisdiction and acted beyond the mandate. Therefore, we must vacate the trial court's vacation of defendant's conviction of aggravated battery with a firearm. Defendant must seek any further relief via a postconviction petition.

For these reasons, the judgment of the circuit court of Winnebago County is affirmed in part and vacated in part.

Affirmed in part and vacated in part.

BOWMAN, P.J., and GALASSO, J., concur.