THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRENT SALTZMAN, Defendant-Appellant.

Third District   No. 3—02—0341

Opinion filed August 29, 2003.

George P. Lynch (argued), of George Patrick Lynch, Ltd., and Daniel E. Brown, of Donahue, Sowa, Bugos & Brown, both of Lisle, for appellant.

Jeff Tomczak, State's Attorney, of Joliet (John X. Breslin and Robert M. Hansen (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Brent Saltzman was charged by indictment with the offenses of attempted first degree murder, aggravated battery of a senior citizen, and aggravated domestic battery in connection with the assault of Jack Weber. Following a jury trial, Saltzman was convicted on all counts and sentenced to a term of 28 years' imprisonment on the attempted first degree murder charge and 7 years' imprisonment on the aggravated battery charges, sentences to run concurrently. Saltzman appeals his convictions.

## FACTS

On October 8, 2000, Saltzman was arrested for assaulting Jack Weber, his stepfather and the treasurer of Will County. Saltzman's case was originally assigned to Judge Gerald Kinney. Judge Kinney recused himself from the case based upon his personal relationship with the victim and his family. On December 1, 2000, the case was called before Chief Judge Stephen White. At this hearing, Saltzman filed motions for the recusal of all judges in Will County, for the appointment of a special prosecutor, and for a change of venue. After Saltzman filed the motions, Judge White stated as follows:

> "Well, after Judge Kinney recusing himself, then the cause will come on for reassignment. Show I will assign this to myself for the time being until we see where we are with the others. We have the motion for change of place of trial, motion to appoint prosecutor and motion for appointment of judge outside [the county]."

The Illinois Supreme Court appointed Judge Clark Erickson of Kankakee County to hear the motion for recusal of all Will County judges. An evidentiary hearing was held on the motion before Judge Erickson on January 5, 2001. On January 11, 2001, Judge Erickson denied the motion for recusal. In his ruling, Judge Erickson stated that "[i]f a judge decides to keep this case, the defendant will then be free to challenge that individual judge under section 114/5." Judge Erickson further set the case for status before Chief Judge White the following day.

At the status hearing held before Chief Judge White on January 12, 2001, Saltzman filed a motion for substitution of judge naming Chief Judge White and Judge Rozak. Chief Judge White denied the motion, stating that Saltzman should have filed the motion on December 1, 2000, before the supreme court had appointed Judge Erickson to hear the motion for recusal of Will County judges. The remaining motions for appointment of a special prosecutor and for change of venue were also denied at that time.

The case proceeded to jury trial. Following the trial, Saltzman was convicted on all counts and was sentenced to a term of 28 years on the attempted first degree murder charge and 7 years on the aggravated battery charges, with sentences to run concurrently. Saltzman appeals his convictions.

## ANALYSIS

### A. Motion for the Recusal of Will County Judges

Saltzman first argues that Judge Erickson, who was appointed by the Illinois Supreme Court, erred in denying his motion for appointment of a judge from outside of Will County. Saltzman contends that no judge in Will County could impartially preside over his trial because he is Weber's stepson, and Weber, as county treasurer, pays the judges their salaries and pays the salaries of courtroom staff.

■ Decisions regarding the recusal of judges are reviewed under an abuse of discretion standard. *People v. Kliner*, 185 Ill. 2d 81, 169, 705 N.E.2d 850, 894 (1998). A judge should disqualify himself if he knows he has a substantial financial interest in the subject matter in controversy or is a party to the proceeding where such an interest might affect the outcome of the proceeding. 188 Ill. 2d R. 63C(1)(d). "The mere fact that a judge has some relationship with someone involved in a case, without more, is insufficient to establish judicial bias or to warrant a judge's removal ***." *People v. Craig*, 313 Ill. App. 3d 104, 105, 728 N.E.2d 1288, 1289 (2000). The decision to disqualify a judge, particularly all the judges of a judicial circuit, should not be made lightly. *Craig*, 313 Ill. App. 3d at 105, 728 N.E.2d at 1289.

■ Judge Erickson held an evidentiary hearing prior to denying the motion. Judge Erickson found that Weber had a duty only to co-sign for funds appropriated by the county board, including checks for $500 of the Will County judges' annual salaries. He further found that Weber had no input into the appropriations for the judges' salaries. On January 11, 2001, Judge Erickson found no evidence of friendship or political association between Weber and any Will County judge. In light of these findings, which are supported by the record, there exists no basis for the recusal of all Will County judges. Thus, the decision of Judge Erickson to deny the motion was not an abuse of discretion.

### B. Motion for Substitution of Judges

■ Saltzman next argues that the trial court erred in denying his motion for substitution of judges pursuant to Section 114—5(a) of the Code of Criminal Procedure of 1963 (Criminal Code), which provides:

"Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of that judge on the ground that such judge is so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion." 725 ILCS 5/114—5(a) (West 2000).

■ The issue before this court is whether Saltzman complied with the 10-day time limitation. Section 114—5(a) of the Criminal Code provides a defendant with an absolute right to a substitution of a judge if the defendant files a timely written motion for substitution. *People v. McDuffee*, 187 Ill. 2d 481, 487-88, 719 N.E.2d 732, 736 (1999). " 'Once the motion is properly brought, the trial judge loses all power and authority over the cause except to make the necessary orders to effectuate the change, and if a defendant's motion is improperly denied, all subsequent action of the trial court is void.' " *People v. Ryan*, 264 Ill. App. 3d 1, 3, 636 N.E.2d 1126, 1127-28 (1994), quoting *People v. Redisi*, 188 Ill. App. 3d 797, 801 (1989). The controlling issue under the statute is whether the defendant filed his motion within 10 days after his cause had been placed on the trial call of the judge or within 10 days of the date the defendant could be charged with knowledge of the assignment of his cause to a trial judge. *People v. Hanson*, 120 Ill. App. 3d 84, 87, 457 N.E.2d 1048, 1050 (1983). Section 114—5(a) should be liberally construed to promote substitution and guarantee a fair and impartial trial. *People v. Pace*, 225 Ill. App. 3d 415, 424, 587 N.E.2d 1257, 1264 (1992).

Saltzman argues that his motion for substitution was timely filed within 24 hours after Judge Erickson's order denying the motion to recuse all judges of Will County. In support of this assertion, Saltzman

cites *People v. Pace*, 225 Ill. App. 3d 415, 587 N.E.2d 1257 (1992). In *Pace*, the defendant's case was originally assigned to Judge Nolan. Judge Cox picked up Judge Nolan's call after Judge Nolan's retirement. Judge Cox presided over the defendant's case and made substantive rulings on motions, but thereafter had a heart attack. The chief judge then issued a memorandum indicating that Judge Telander would take Judge Cox's cases until Judge Cox returned. Eventually, the case was formally assigned to Judge Telander. Defendant then filed a motion for the recusal of Judge Telander. Judge Telander denied the motion finding that it could have been filed while the case was temporarily assigned to him from Judge Cox's call. The appellate court reversed, stating that the defendant "had no idea at each appearance whether Judge Telander would remain a substitute for Judge Cox or whether Judge Cox would return." *Pace*, 225 Ill. App. 3d at 425, 587 N.E.2d at 1265.

■ In the instant case, Saltzman also could not discern on December 1, 2000, when he filed his motion for the recusal of all Will County judges whether Chief Judge White would be the judge hearing his case. If Judge Erickson had granted the motion for recusal of all Will County judges, Chief Judge White would not have heard the case. The fact that Saltzman was uncertain as to which judge would hear the case is buttressed by Chief Judge White's statement that the cause would be assigned to him "for the time being until we see where we are with the others." Filing a motion for substitution of Chief Judge White before learning of Judge Erickson's ruling would have been entirely premature.

Furthermore, Saltzman filed his motion for substitution at the earliest practical moment after learning Judge Erickson denied the motion for recusal of all Will County judges. Saltzman filed the motion within 24 hours of the ruling, the first time he appeared before Chief Judge White knowing with certainty that his case would be on Chief Judge White's call. Therefore, we find that the trial court improperly denied Saltzman's motion for substitution of judge.

Because this motion was improperly denied, all subsequent rulings made by Chief Judge White are void. *Ryan*, 264 Ill. App. 3d at 3, 636 N.E.2d at 1127-28. Therefore, we need not reach the remaining issues presented by Saltzman on appeal.

For the foregoing reasons, all decisions made by Chief Judge White and the verdicts against Saltzman are invalidated. This cause is remanded for further proceedings.

Reversed and remanded.

SLATER and LYTTON, JJ., concur.