Docket No. 86539–Agenda 29–May 1999.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RANDALL A. McDUFFEE, Appellant.

Opinion filed September 23, 1999.

JUSTICE McMORROW delivered the opinion of the court:

The principal issue presented in this case is whether the trial court erred in finding that defendant’s motion for substitution of judge was filed outside of the10-day period specified in section 114–5(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/114–5(a) (West 1996)).

BACKGROUND

On May 10, 1997, the defendant, Randall A. McDuffee, 
was charged by Illinois citation and complaint (traffic ticket) with improper lane usage (625 ILCS 5/11–709(a) (West 1996)). This charge resulted from defendant’s involvement in a two-car automobile accident that injured the driver and a passenger of the other vehicle. On June 4, 1997, attorney Paul Wilson 
filed with the circuit court of Ford County a document which entered his appearance as counsel for defendant, which entered a plea of not guilty on defendant’s behalf, and which demanded that a verified complaint be filed. On this same date, counsel also filed a second document which requested a speedy jury trial in this case.

The parties agree that they made their first court appearance in this matter on July 8, 1997. There is no dispute that on that date, both the State and counsel for defendant appeared for a docket call in front of Judge Stephen Pacey, and that defendant made a demand for immediate trial at that time. This court appearance is reflected as the first entry on the handwritten official court docket for defendant’s case: “7/8/97. SA P. Wilson for Δ - immediate trial.” On July 15, 1997, d
efendant filed a motion for substitution of judge pursuant to section 114–5(a) of the Code of Criminal Procedure (725 ILCS 5/114–5(a) (West 1996)), alleging that Judge Pacey was prejudiced against him and, therefore, defendant could not receive a fair trial. The second entry in the court’s handwritten docket reflects the proceedings which occurred on that date: “7/15/97. M/Δ sub judge.”

The next day, the parties were again before Judge Pacey. The State had filed a written objection to defendant’s motion for substitution of judge, alleging that defendant’s motion was “not timely” because it was “not filed within 10 days after this cause was placed on the trial call of Judge Stephen Pacey.” In support of its contention that defendant’s motion was untimely, the State alleged that Judge Pacey, “being the only resident circuit judge in Ford County, was the trial judge for this case upon the ticket being filed in the Circuit Clerk’s Office on or about May 10, 1997.” The State additionally alleged that “[t]he July 8, 1997 trial docket, which clearly identified Judge Pacey as the trial judge for this cause was mailed to all counsel, including [defense counsel] on June 23, 1997.” No supporting documentation was attached to the State’s written objection. Based upon the allegations contained in its objection, the State maintained that since defendant’s substitution motion was not filed within 10 days of June 23, the motion for substitution was untimely. The parties agree that on July 16, 1997, Judge Pacey heard argument on defendant’s motion for substitution of judge and the State’s written objection to defendant’s motion. Attorney Wilson was ordered, by July 17, 1997, to submit authorities in support of his position that the substitution motion was timely filed.

However, later in the day on July 16, defense counsel telephoned the court at 4:30 p.m., and made a motion requesting a continuance in defendant’s case due to a medical emergency in counsel’s family. Judge Pacey granted the motion, and defendant’s case was continued to the September 1997 jury trial calendar. The handwritten docket entry for that day reflects the following: “7/16/97. 4:30 p.m., telephone mot. by atty. Wilson - cont. due to medical emergency, no obj. - Sept. call - speedy trial demand tolled.” Judge Pacey ruled on defendant’s motion for substitution of judge on September 8, 1997, denying defendant’s motion on the 
grounds that it was not timely.

Defendant’s jury trial was thereafter set for November 17, 1997. Prior to the commencement of the proceedings, defendant filed a motion to dismiss the charge on the basis that his right to a speedy trial had been violated. After that motion was denied by the trial court, defendant filed a “motion in bar of prosecution.” In this submission, defendant alleged: (1) that his motion to dismiss his case on speedy-trial grounds should have been allowed; and (2) that Judge Pacey improperly denied defendant’s motion for substitution of judge, as “there were no facts to support that it was not made in a timely fashion.” The trial court denied the motion in bar of prosecution. Defendant immediately filed a notice of appeal of the trial court’s denial of his motion for substitution of judge, motion to dismiss, and motion in bar of prosecution. Based upon the immediate filing of this notice, defendant contended that the trial court was divested of jurisdiction over his case. Disagreeing, the trial court found that it retained jurisdiction and commenced defendant’s trial.

During defendant’s trial, defense counsel made no opening statement, declined to cross-examine the State’s witnesses, presented no evidence, did not participate in the jury instruction conference, and made no closing argument. The jury deliberated for 10 minutes and returned a guilty verdict. Defendant thereafter filed a post-trial motion, again alleging that the court erred in denying the motion for substitution of judge, the motion to dismiss, and the motion in bar of prosecution. The court denied defendant’s post-trial motion and conducted a sentencing hearing. After hearing evidence, the trial court entered a judgment of conviction and imposed upon defendant a fine of $200 plus court costs.

On appeal, a majority of the appellate court affirmed. 299 Ill. App. 3d 283. The majority rejected defendant’s contention that the trial court erred in denying his motion for substitution of judge as untimely. The majority observed:

“The State asserts that on June 23, 1997, a trial docket naming Judge Pacey as the trial judge was mailed to defense counsel. However, nothing in the record supports this contention. There is no transcript of proceedings or bystander’s report of the hearing on defendant’s motion for substitution of judge. The docket sheet for July 8, 1997, indicates only that the parties appeared before Judge Pacey and defendant demanded an immediate trial. It does not indicate what else may have taken place that day.” 299 Ill. App. 3d at 286.

The majority noted that the “record on appeal does not show the date on which Judge Pacey was assigned defendant’s case for trial.” 299 Ill. App. 3d at 286. Because no official date of assignment was included in the record, the majority found that defendant had failed to satisfy his burden as appellant to provide the court with a complete record of the proceedings in the trial court. The majority further observed that when an issue presented for review cannot be resolved because of an insufficient appellate record, it must be presumed that the trial court’s ruling conformed with the law. Based upon the record submitted, the appellate court presumed that the trial court had correctly applied the law to the facts and properly denied defendant’s motion as untimely.

The majority also rejected defendant’s argument that his motion for dismissal on speedy-trial grounds was improperly denied. The court held that a 54-day delay between the filing of defendant’s motion for substitution of judge and the next hearing, on September 8, 1997, was attributable to defendant. Finally, the appellate court rejected defendant’s contention that the trial court lost jurisdiction when defendant filed his notice appealing the trial court’s denial of defendant’s motion in bar of prosecution, as that order was not a final order for purposes of appeal.

 In dissent, Justice Cook wrote that he would reverse the decision of the trial court on the motion for substitution of judge and remand for a new trial before a different judge. 299 Ill. App. 3d at 292 (Cook, J., dissenting).

We granted leave to appeal. 177 Ill. 2d R. 315. Before this court, defendant raises three issues for consideration: (1) whether the trial court erred in finding that defendant’s motion for substitution of judge was filed outside of the 10-day period specified in section 114–5(a) of the Code of Criminal Procedure (725 ILCS 5/114–5(a) (West 1996)); (2) whether defendant’s statutory right to a speedy trial was violated; and (3) whether the trial court had jurisdiction over a case where a notice of appeal is filed before the order being appealed is final.

ANALYSIS

Motion for Substitution of Judge

Section 114–5(a) of the Code of the Criminal Procedure states:

“Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of that judge on the ground that such judge is so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion. The defendant may name only one judge as prejudiced, pursuant to this subsection; provided, however, that in a case in which the offense charged is a Class X felony or may be punished by death or life imprisonment, the defendant may name two judges as prejudiced.” 725 ILCS 5/114–5(a) (West 1996).

Section 114–5(a) provides a defendant with the “absolute right” to a substitution of judge upon the timely filing of a proper written motion for substitution. 
People v. Walker
, 119 Ill. 2d 465, 470 (1988). Pursuant to the statute, a defendant must be granted an automatic substitution of judge if the defendant meets the following requirements: (1) the motion is made within 10 days after defendant’s case is placed on the judge’s trial call; (2) the motion names only one judge unless the defendant is charged with a Class X felony, in which case he may name two judges; (3) the motion must be in writing; and (4) the motion must allege the trial judge is so prejudiced against the defendant that the defendant cannot receive a fair trial. In addition, this court has held that the motion must be made before the trial judge makes a substantive ruling in the case. 
People v. Norcutt
, 44 Ill. 2d 256, 262-63 (1970)

Section 114–5(a) of the Code “effectuates the right to a fair trial–a right of constitutional dimension [citation]–by affording a defendant the substantive right to substitute a judge who appears to be prejudiced. The provision represents the considered public policy that a defendant should be able to avoid having his liberty, and perhaps even his life, hang in balance before a judge whose impartiality he in good faith questions.” 
Walker
, 119 Ill. 2d at 480. To this end, “the provisions of the statute are to be construed liberally ‘to promote rather than defeat’ substitution,” and “reversible error occurs where the statute is not so construed.” 
Walker
, 119 Ill. 2d at 480-81.

In the case at bar, the appellate court concluded that the timeliness of defendant’s substitution motion could not be determined from the appellate record. This conclusion was based upon the general assumption that a formal, written assignment date was needed in order to calculate the 10-day period set forth in section 114–5(a), and upon the specific assumption that, at some point, defendant’s case should have been formally or officially assigned to Judge Pacey. Because the appellate court had no official assignment order or notation from which it could calculate the 10-day period under section 114–5(a), it concluded that the timeliness of defendant’s motion could not be resolved. The appellate court then charged defendant, as the appellant in the case, with failing to provide the court with the official date of assignment and, on that basis, affirmed the circuit court’s denial of the substitution motion.

Before this court, the State’s argument mirrors the reasoning of the appellate court. The State concedes that “[t]he fact that Judge Pacey was the only judge assigned to hear [traffic cases in Ford County] would be insufficient notice to Defendant” that Judge Pacey had been assigned to his case. See 
People v. Gunning
, 108 Ill. App. 3d 429 (1982). However, the State contends that it is impossible to determine from the appellate record whether defendant’s substitution motion was timely filed. Citing to 
Foutch v. O’Bryant
, 99 Ill. 2d 389 (1984), the State argues that “this court must presume that the trial court’s ruling conformed with the law and [that defendant’s substitution motion] was in fact filed more than ten days after the case had been assigned to Judge Pacey.”
 We disagree.

In Illinois, there is no statute or supreme court rule which requires that the assignment of judges be made in a formal, written fashion. Indeed, in some judicial circuits, “[i]t is the customary, if not the daily, practice for circuit judges and associate judges to be assigned specific cases, or even transferred to different counties by personal or oral telephone assignments.” 
Charleston National Bank v. Muller
, 16 Ill. App. 3d 380, 384 (1974) (“To require a written or formal assignment order in each specific case to assign a particular circuit or associate judge to the case would be an impossible burden for the circuit courts”). The procedures for assigning judges vary from circuit court to circuit court, and the rules of a given circuit court may not require formal judicial assignment orders in all cases. See, 
e.g.
, 
People v. Williams
, 217 Ill. App. 3d 791, 795-96 (1991); 
People v. Aldridge
, 101 Ill. App. 3d 181, 184-85 (1981); 
Charleston National Bank
, 16 Ill. App. 3d at 383-84;
 People v. Ehrler
, 114 Ill. App. 2d 171, 176 n.2 (1969).

In part because there is no uniform, statewide requirement that judicial assignments be formally executed, the appellate court has developed a test for calculating the 10-day period set forth in section 114–5(a) which does not depend upon the existence of an official assignment date. See 
Ehrler
, 114 Ill. App. 2d at 176-77. For at least 30 years, the appellate court has held, in conformance with this court’s direction that section 114–5(a) must be liberally construed (
Walker
, 119 Ill. 2d at 480-81), that a motion for substitution is timely filed if it is brought within 10 days of the date the defendant could be “charged with knowledge” that the judge at issue had been assigned to his case. 
People v. Lackland
, 248 Ill. App. 3d 426, 432 (1993) (defendant must be “clear or certain” that the judge had been assigned to his case); 
Williams
, 217 Ill. App. 3d at 795; 
People v. Redisi
, 188 Ill. App. 3d 797, 801 (1989); 
Aldridge
, 101 Ill. App. 3d at184; 
People v. Oatis
, 69 Ill. App. 3d 736, 741 (1979); 
People v. Massarella
, 80 Ill. App. 3d 552, 563 (1979); 
People v. Thomas
, 58 Ill. App. 3d 460, 462 (1978); 
People v. Flowers
, 47 Ill. App. 3d 809 (1977); 
Ehrler
, 114 Ill. App. 2d at 176-77.

To resolve the question presented in this appeal, 
i.e.
, whether defendant’s substitution motion was timely filed, we must determine when, based upon the record presented, defendant could be “charged with knowledge” that Judge Pacey had been assigned to his case.
 There is no assignment order or rule of practice governing assignments contained in the appellate record. In the absence of an official assignment order, we must assume that there was none. 
Charleston National Bank
, 16 Ill. App. 3d at 383; 
Williams
, 217 Ill. App. 3d at 795; 
Oatis
, 69 Ill. App. 3d at 741. Of record, however, is the official trial court docket in this case, which consists of handwritten notes by Judge Pacey. The first entry in the trial docket is for July 8, 1997, when the parties appeared in court and defendant requested an immediate trial. There is no dispute that the July 8 proceedings constituted the initial court appearance for the parties in this matter. There is no record of any court action being taken prior to July 8, 1997. Thus, based upon the entries in the official trial docket, the earliest date defendant could be charged with knowing that Judge Pacey had been assigned to his case was July 8, 1997. Defendant’s motion for substitution was filed on July 15, 1997, seven days after July 8. Therefore, based upon the record before us, we conclude that defendant’s motion was filed within the statutorily required 10-day period and that the trial court erred when it denied defendant’s motion as untimely. Accordingly, we reverse the judgments of the circuit and appellate courts and remand this cause for a new trial before a judge other than Judge Pacey.

Speedy Trial

Because the charges against a defendant must be dismissed if his statutory right to a speedy trial has been denied (
People v. Bowman
, 138 Ill. 2d 131, 137 (1990)), we must also address defendant’s speedy-trial claim.

Defendant contends that the trial court violated his statutory right to a speedy trial by commencing his trial on November 17, 1997, 166 days after he demanded trial on June 4, 1997. Defendant asserts that the trial court abused its discretion in denying his motion to dismiss the charge on speedy-trial grounds.

An accused has a statutory right to a speedy trial pursuant to section 103–5 of the Code of Criminal Procedure of 1963 (725 ILCS 5/103–5 (West 1996)). Section 103–5(b) states that every person on bail or recognizance “shall be tried *** within 160 days from the date defendant demands trial unless delay is occasioned by the defendant.” 725 ILCS 5/103–5(b) (West 1996). If a defendant is not tried in accordance with this provision, the defendant “shall be *** released from the obligations of his bail or recognizance” (725 ILCS 5/103–5(d) (West 1996)) and the charges must be dismissed. 
Bowman
, 138 Ill. 2d at 139.

The record of proceedings before the trial court reveals that the court denied defendant’s motion to dismiss on the basis that counsel for defendant had requested a continuance for defendant’s case on July 16, 1997, due to a medical emergency in counsel’s family. The trial court concluded that the delay in commencing defendant’s trial was attributable to defendant.

We note that, before this court, defendant does not challenge the trial court’s speedy-trial ruling on the merits. Rather, defendant contends that the trial court did not have the authority to rule upon defense counsel’s request for a continuance on July 16, 1997, because “the substitution of judge motion was previously filed on July 15, 1997.” According to defendant, the trial court’s grant of a continuance “was a nullity, and the speedy trial demand and the elapse of time were not stayed by any actions of the trial court and [the] rulings after the substitution [motion] were, as a matter of law, null and void.”

 It is well established that “[i]f a [motion for substitution of judge] is improperly 
denied
, all subsequent action taken by the trial court is void.” (Emphasis added.) 
People v. Williams
, 217 Ill. App. 3d 791, 793 (1991); see also 
People v. Lackland
, 248 Ill. App. 3d 426, 433 (1993); 
People v. Langford
, 246 Ill. App. 3d 460, 465 (1993); 
People v. Pace
, 225 Ill. App. 3d 415, 424 (1992). In the matter at bar, the court record indicates that defendant’s motion for substitution was denied on September 8, 1997. Therefore, any actions taken by the trial court subsequent to that date were null and void. However, defense counsel telephoned the trial judge on the afternoon of July 16, 1997, to request a continuance due to a medical emergency in counsel’s family. The trial judge allowed the continuance, and rescheduled the matter for the September calendar. The 54-day delay between July 16 and September 8 is attributable to defendant. See, 
e.g.
,
 People v. Kliner
, 185 Ill. 2d 81, 114 (1998) (“A delay is occasioned by the defendant and charged to the defendant when the defendant’s acts caused or contributed to a delay resulting in the postponement of trial”), citing 
People v. McDonald
, 168 Ill. 2d 420, 438 (1995); 
People v. Turner
, 128 Ill. 2d 540, 550 (1989); 
People v. Reimolds
, 92 Ill. 2d 101, 106 (1982). Based upon the facts presented in this case, we reject defendant’s speedy-trial challenge.

Trial Court’s Jurisdiction

In light of our holding that this cause must be remanded for a new trial because the trial court erred in denying defendant’s motion for substitution of judge, we need not address defendant’s contention that the trial court lost jurisdiction over his case when he filed his notice appealing the trial court’s denial of his motion in bar of prosecution.

CONCLUSION

For the foregoing reasons, the judgments of the appellate court and circuit court are reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

Appellate court judgment reversed
;

circuit court judgment reversed
;

cause remanded
.