2016 IL App (1st) 140598

No. 1-14-0598

Opinion filed September 14, 2016

Third Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 11 CR 08270 |
| v. | ) ) | |
| | ) | Honorable |
| EDMOND TATE, | ) ) | Carol A. Kipperman, Judge Presiding. |
| Defendant-Appellant. | ) | |

JUSTICE COBBS delivered the judgment of the court, with opinion.

Justices McBride and Ellis concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a bench trial, defendant Edmond Tate was convicted of aggravated robbery and sentenced to 28 years' imprisonment. On appeal, defendant contends that the trial court erred in denying his pretrial motion for substitution of judge as untimely. We reverse.

¶ 2    We set forth the facts and procedural background of this case to the extent necessary to resolve the issue on appeal. On August 27, 2008, a robbery occurred at a store in Forest Park. An arrest warrant was issued for defendant on April 25, 2011, stating that he was to be brought to the courthouse in Maywood (Fourth Municipal District). Defendant was arrested on May 1,

2011, and on May 2, 2011, he was charged by felony complaint with unlawful restraint and aggravated robbery (case No. 11-4002416-01). On May 3, 2011, the half sheet indicated that Judge Vazquez set bond and defendant demanded a trial. On May 5, 2011, the half sheet indicated that Judge Grossi continued the matter to May 20, 2011. Nothing in the record suggests these appearances occurred anywhere other than the courthouse in Maywood.

¶ 3 On May 20, 2011, defendant appeared with an assistant public defender before Judge Grossi in a courtroom in Maywood.[1] The following colloquy occurred:

> "THE COURT: Edmund [*sic*] Tate.
>
> What's the number on this?
>
> ASSISTANT STATE'S ATTORNEY [(ASA)]: 11 CR 8270, June 9th.
>
> ASSISTANT PUBLIC DEFENDER [(APD)]: What room is it going to?
>
> THE COURT: All right. Mr. Tate, your case was indicted by the grand jury under Case No. 11 CR 8270. Your next court date is in Room 107.
>
> What date?
>
> APD: Shouldn't it be Room 108? Wasn't the last one—
>
> THE COURT: I sent this mess to 105. So there's 20 cases, so I'm skipping 105.
>
> APD: Can it go to 108?
>
> THE CLERK: The last one went to 108.
>
> THE COURT: So this one will go to 107.
>
> APD: Well, he's asking for the 9th.
>
> Motion State to the 9th.
>
> ASA: Correct.

[1]Defendant did not include a transcript from this appearance in the report of proceedings. The transcript was provided to this court in an appendix to the State's brief.

THE COURT: Motion State, June 9th, directly into Room 107."

The half-sheet entry for May 20, 2011, contained the notation "SUPER 11 CR 8270 NOLLE M/S 6/9/11 Rm 107." An order entered on the same day stated "MSNP [motion state *nolle prosequi*] SBI [superceded by indictment] 11 CR 8270."

¶ 4    A true bill charging defendant with one count of aggravated robbery and two counts of aggravated kidnapping (case No. 11 CR 8270) was dated and file-stamped on May 25, 2011. However, the indictment return sheet, also file-stamped on May 25, 2011, listed May 19, 2011, as the date for the true bill. The half-sheet entry for May 25, 2011, indicated the indictment had been filed and also contained the notation "Pres. Judge Assignment Date: 6-9-11."

¶ 5    On June 9, 2011, the half sheet indicated that Judge Biebel, the presiding judge of the criminal division of the circuit court of Cook County, assigned the case to the Fourth Municipal District (Maywood). On the same day, defendant appeared with a different public defender before Judge Kipperman in a courtroom in Maywood. The prosecutor stated that defendant needed to be arraigned on case No. 11 CR 8270, but defendant asked for a continuance in order to speak with a private attorney. Judge Kipperman continued the matter to June 17, 2011, but the half-sheet entry memorializing the continuance was crossed out and the record contains no reference to proceedings from that day.

¶ 6    On July 11, 2011, a private attorney, Nathaniel Niesen, appeared for defendant before Judge Kipperman. The following colloquy occurred:

        "THE CLERK: Tate.

        THE COURT: When is the earliest you can come back, counsel? We just don't have the time today.

DEFENSE COUNSEL: I understand. The issue will have to be resolved. The earliest I can come back realistically is the 18th, unless you want me to come back in the afternoon on the 13th.

* * *

ASA: By agreement 7/18.

THE COURT: So it will be by agreement 7/18. Locate file. That's all I can do.

DEFENSE COUNSEL: Absolutely. I understand, [Y]our [H]onor."

¶ 7    On July 18, 2011, the court held a hearing on defendant's motion for substitution of judge, where defendant was represented by a private attorney, Steven Richards. At the hearing, the following colloquy occurred:

"THE COURT: Now what date was the SOJ filed?

DEFENSE COUNSEL: The SOJ was filed, [Y]our [H]onor, June 17th. There is an entry that I saw on the electronic docket that it was assigned to your call or assigned to suburban on June 9th.

I think the date of June 9th was mentioned the last time as well so I think we are—I think the true date it was assigned was June 9th, and we are within the ten days.

ASA: The 9th was the date that it was on your call, [Y]our [H]onor. That was the day of arraignment.

The case, from what we understand, it was superceded [*sic*] by indictment on the 19th of May, and on the 20th before Judge Grossi it was assigned to this call.

That was the date the SOJ should have been made because—

THE COURT: It was.

ASA: By the 10-day period being up, it would have been at the end of May or prior to June 9th so the 10-day period had been expired as of the 9th.

THE COURT: All right. A motion for SOJ is denied on the basis of timeliness having been assigned to this courtroom May 20th.

\* \* \*

DEFENSE COUNSEL: Just to make it clear, I don't think I have to preserve the record, but we are objecting to the SOJ being denied so we will reserve that."

¶ 8       The case proceeded to bench trial, where the evidence established that defendant entered the store in Forest Park and claimed he had a gun. He restrained the owner, took her rings, took some money and merchandise, and fled. Defendant's fingerprints were recovered from the store, and the owner identified defendant in a photo lineup, physical lineup, and at trial. The court found defendant guilty of aggravated robbery but acquitted him of aggravated kidnapping. Defendant's motion for new trial was denied, and in view of his criminal record, the court sentenced him to 28 years' imprisonment as a Class X offender.

¶ 9       On appeal, defendant contends the trial court erred in denying his motion for substitution of judge as untimely. Defendant disputes whether he could be charged with notice that his case had been assigned on May 20, 2011, when Judge Grossi merely indicated the room number for defendant's next appearance. He further argues that his case could not have been assigned that day because, per the Rules of the Circuit Court of Cook County, an indictment must be filed before the presiding judge of the criminal division assigns the case to a judge.[2] As defendant was

---

[2]In relevant part, the rules provide that "[a]fter \*\*\* indictment by grand jury, all parties shall appear in the courtroom of the Presiding Judge of the Criminal Division for arraignment procedures. Arraignment shall occur three (3) weeks after \*\*\* indictment \*\*\* except as ordered by the Presiding Judge of the Criminal Division or except as agreed to by the parties."). Cook Co. Cir. Ct. R. 15.1(a) (eff. Sept. 1, 1980).

indicted on May 25, 2011, and Judge Biebel assigned the case on June 9, 2011, defendant submits that his motion was timely filed within 10 days, on June 17, 2011. Additionally, defendant argues that he had the right to name two judges in his motion because he was indicted for a Class X felony, namely aggravated kidnapping, but could not have exercised that right had his case been assigned before indictment. Defendant acknowledges that his motion for substitution of judge is not included in the record but contends that if the absence of the motion is dispositive in the present appeal, this court should remand his case to the trial court for a hearing to recreate the record under Illinois Supreme Court Rule 329 (eff. Jan. 1, 2006).

¶ 10    The State responds that defendant failed to establish that he ever filed a motion for substitution of judge or that the motion was legally sufficient. Even if the motion was filed, the State argues it was untimely because Judge Grossi assigned defendant's case to Judge Kipperman on May 20, 2011. As defense counsel was aware of the assignment, knowledge may be imputed to defendant irrespective of whether the assignment occurred in accordance with the normal procedure for assigning cases under the Rules of the Circuit Court of Cook County. The State also argues that defendant had notice of his superseding indictment based on the proceedings from May 20, 2011, and, therefore, could have named two judges in a motion for substitution at that time.

¶ 11    We note that a copy of the motion for substitution of judge is not included in the record on appeal and the half sheet does not indicate when the motion was filed. However, the transcript of the hearing on July 18, 2011, shows that neither the parties nor the court disputed that the motion was filed on June 17, 2011. Accordingly, contrary to the State's contention, whether

defendant ever filed a motion for substitution of judge is not at issue on appeal. We now address the merits of the parties' remaining arguments.

¶ 12    As an initial matter, the State alleges that defendant forfeited review of the dismissal of his motion for substitution of judge because he did not file a posttrial motion challenging this issue. *People v. Wade*, 116 Ill. 2d 1, 9 (1987) (posttrial motion required to preserve issue of substitution of judge). Defendant replies that the proceedings following the dismissal of his motion for substitution of judge were void and may be challenged at any time and, alternatively, asks us to consider his claim under the second prong of the plain-error rule. Ill. S. Ct. R. 615(a). Before considering defendant's arguments regarding voidness and plain error, we must first determine whether the trial court erred in denying defendant's motion for substitution of judge. *People v. Eppinger*, 2013 IL 114121, ¶ 19 (absent an error, there can be no plain error and defendant's forfeiture will be honored).

¶ 13    Where, as here, the defendant challenges the construction of a statute, there is a question of law and our standard of review is *de novo. People v. Christopherson*, 231 Ill. 2d 449, 454 (2008). A defendant has the absolute right to a substitution of judge upon the timely filing of a proper written motion for substitution. 725 ILCS 5/114-5(a) (West 2010); *People v. McDuffee*, 187 Ill. 2d 481, 487-88 (1999). An automatic substitution of judge must be granted if the defendant meets the following requirements: (1) the motion is made within 10 days after defendant's case is placed on the judge's trial call, (2) the motion names only one judge unless the defendant is charged with a Class X felony, in which case he may name two judges, (3) the motion must be in writing, and (4) the motion must allege the trial judge is so prejudiced against the defendant that the defendant cannot receive a fair trial. *McDuffee*, 187 Ill. 2d at 487-88. Additionally, the motion must be made before the trial judge makes a substantive ruling in the

case. *Id*. at 488. On appeal, defendant challenges only the timeliness of his motion for substitution of judge.

¶ 14    The statutory provisions regarding motions for substitution of judge are construed liberally, but a liberal construction of the statute does not mean that a motion will be considered to have been timely filed in all cases. *People v. Evans*, 209 Ill. 2d 194, 215 (2004); *People v. Burns*, 188 Ill. App. 3d 716, 721 (1989) ("Though it is well established substitution of judge provisions are to be liberally construed, the statute cannot be construed so as to contravene its express provisions."). There is no statute or supreme court rule that requires that the assignment of judges be made in a formal, written fashion. *McDuffee*, 187 Ill. 2d at 489. Rather, a motion for substitution is considered timely filed if it is brought within 10 days of the date the defendant could be charged with knowledge that the judge at issue had been assigned to his case. *Id*. at 490. This examination is case specific and depends upon the record. *Evans*, 209 Ill. 2d at 216.

¶ 15    In the instant case, our first inquiry is to determine the earliest date on which defendant could be charged with knowledge of Judge Kipperman's assignment. The State contends defendant had notice based on the proceedings from May 20, 2011, while defendant argues he cannot be charged with notice before June 9, 2011, when the half sheet indicated that his case had been assigned to the Fourth Municipal District in Maywood. As the period for filing a timely motion for substitution of judge does not depend upon an official assignment date, the half-sheet entry from June 9, 2011, is not dispositive. *McDuffee*, 187 Ill. 2d at 490. Further, even if the process for assigning defendant's case did not adhere to the normal procedure described in the Rules of the Circuit Court of Cook County, we nonetheless must determine whether defendant could be charged with notice of the assignment based on the proceedings that actually occurred. Cook Co. Cir. Ct. R. 15.1(a) (eff. Sept. 1, 1980) ("After *** indictment by grand jury, all parties

shall appear in the courtroom of the Presiding Judge of the Criminal Division for arraignment procedures. Arraignment shall occur three (3) weeks after *** indictment *** except as ordered by the Presiding Judge of the Criminal Division or except as agreed to by the parties."). Therefore, we begin our analysis with defendant's appearance on May 20, 2011, the first transcribed proceeding in the record on appeal.

¶ 16    On May 20, 2011, defendant appeared with an assistant public defender before Judge Grossi, who told defendant that his case "was indicted by the grand jury under Case No. 11 CR 8270" and that the "next court date is in Room 107." The following colloquy then occurred:

> "APD: Shouldn't it be Room 108? Wasn't the last one—
>
> THE COURT: I sent this mess to 105. So there's 20 cases, so I'm skipping 105.
>
> APD: Can it go to 108?
>
> THE CLERK: The last one went to 108.
>
> THE COURT: So this one will go to 107."

We cannot say defendant had notice that Judge Kipperman had been assigned to his case based on this exchange, where the court mentioned the number of the courtroom for defendant's next appearance but not the name of the judge who presided there. Moreover, although the State asks us to infer the public defender objected based on personal knowledge that Judge Kipperman presided in Room 107, we do not believe the record mandates this inference. To the contrary, logic suggests the public defender would have filed a motion for substitution of judge if his objection was based on knowledge that Judge Kipperman sat in Room 107. Here, our inability to charge the assistant public defender with knowledge of Judge Kipperman's assignment precludes us from imputing this knowledge to defendant. *Cf. People v. Saunders*, 135 Ill. App. 3d 594, 600 (1985) (finding notice of assignment where defense counsel mentioned trial judge by name while

asking court to confirm schedule for arraignment). In view of the record, we cannot say that defendant could be charged with knowledge that Judge Kipperman was assigned to his case on May 20, 2011. Rather, the earliest date on which defendant could be charged with notice of the assignment was June 9, 2011, when the half-sheet indicated that Judge Biebel assigned the case to the Fourth Municipal District (Maywood). Therefore, defendant's motion for substitution of judge was timely filed on June 17, 2011, and the trial court erred in denying the motion as untimely. 725 ILCS 5/114-5(a) (West 2010) (defendant must file motion for substitution of judge "[w]ithin 10 days after a cause *** has been placed on the trial call of a judge").

¶ 17    Having found that error occurred, we next consider whether the error rendered the judgment of the trial court void or voidable. Relying on *McDuffee*, defendant urges that the erroneous denial of his motion for substitution of judge made all subsequent action taken by the trial court void and subject to challenge at any time. *McDuffee*, 187 Ill. 2d at 492 (improper denial of motion for substitution of judge renders subsequent proceedings void). Citing a line of cases, including *People v. Hughes*, 2012 IL 112817, *In re Luis R.*, 239 Ill. 2d 295 (2010), *In re M.W.*, 232 Ill. 2d 408 (2009), and *People v. Thompson*, 209 Ill. 2d 19 (2004), the State counters that whether a judgment is void or voidable presents a question of jurisdiction. They then assert that because jurisdiction in this case was proper, any order entered by the circuit court, if erroneous, was merely voidable and not void.

¶ 18    We have no quarrel with the cases cited by the State or with the propositions of law that they espouse. In fact, we would add that during the pendency of this appeal, our supreme court reaffirmed that certain defects in a proceeding, such as the absence of jurisdiction, are determinative of whether a judgment is voidable or voidable. In *People v. Castleberry*, 2015 IL 116916, the court abolished the void sentence rule, which held that a circuit court that violates a

particular statutory requirement when imposing a sentence acts without "inherent power," *i.e.*, without jurisdiction, thereby rendering the sentence void. *Id.* ¶¶ 13, 19. The supreme court reasoned that the "inherent power" idea of jurisdiction is at odds with the grant of jurisdiction given to the circuit courts under the Illinois Constitution. *Id.* ¶ 18. The court explained that the circuit court is a court of general jurisdiction that need not look to statute for its jurisdictional authority. *Id.* ¶ 19. Consequently, the court noted, only the most "fundamental defects, *i.e.*, lack of personal jurisdiction or lack of subject matter jurisdiction," warrant declaring a judgment void. *Id.* ¶ 15.

¶ 19    Historically, courts in Illinois have held that, upon a timely filing of a proper written motion, a defendant has an absolute right to a substitution of judge and reversible error results if erroneously denied. See, *e.g.*, *People v. Smith*, 28 Ill. 2d 445, 447 (1963); *People v. Kostos*, 21 Ill. 2d 451, 454-55 (1961); *People v. Dieckman*, 404 Ill. 161, 164 (1949); *People v. Scott*, 326 Ill. 327, 341 (1927); *People v. Harston*, 23 Ill. App. 3d 279, 281 (1974); *People v. Pace*, 225 Ill. App. 3d 415, 424-26 (1992); *People v. Saltzman*, 342 Ill. App. 3d 929, 932 (2003). In *People v. Walker*, 119 Ill. 2d 465, 470 (1988), Justice William Clark, writing for our supreme court, noted that "[f]or the past 114 years, Illinois law has protected the constitutional right to a fair and impartial trial in criminal cases by providing for the substitution of a judge who is allegedly prejudiced against a defendant." Thus, we believe that the improper denial of a defendant's motion for a substitution of judge ranks among those types of "fundamental defects" most recently contemplated by our supreme court in *Castleberry*.

¶ 20    We reaffirm today that when a motion for substitution of judge is improperly denied, all subsequent action by the trial judge, beyond transfer of the matter, is void. See *People v. Ryan*, 264 Ill. App. 3d 1, 3 (1994); *People v. Brim*, 241 Ill. App. 3d 245 (1993); *People v. Banks*, 213

Ill. App. 3d 205, 213 (1991); *People v. Redisi*, 188 Ill. App. 3d 797, 801 (1989). Accordingly, we agree with defendant's reliance on *McDuffee* and hold that any action taken by the trial court subsequent to the erroneous denial of his motion for substitute judge is rendered null and void and remand this cause for a new trial.

¶ 21　For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings.

¶ 22　Reversed and remanded with directions.