NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190515-U

NO. 4-19-0515

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 1, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Moultrie County |
| KYLE HUEY, | ) | No. 18DT11 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Wm. Hugh Finson, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Knecht and Harris concurred in the judgment.

**ORDER**

¶ 1 *Held:* The trial court did not err in denying defendant's motion for automatic substitution of judge or his motion to suppress.

¶ 2 On July 13, 2018, the trial court denied defendant Kyle Huey's motion for substitution of judge as of right. On February 26, 2019, the court denied defendant's motion to suppress evidence resulting from a traffic stop. On June 27, 2019, the court convicted defendant of driving under the influence after a stipulated bench trial. Defendant appeals, arguing the trial court erred in denying his motion for substitution of judge and his motion to suppress. We affirm.

¶ 3 I. BACKGROUND

¶ 4 On May 19, 2018, defendant received two tickets for driving under the influence (DUI) (625 ILCS 5/11-501(a)(1), (a)(2) (West 2018)). On June 18, 2018, defendant appeared

*pro se* before Judge Finson and received a copy of and acknowledged he understood the charges, the possible penalties, and his rights under the law. At defendant's request, Judge Finson appointed the public defender, who was present in court, to represent defendant. Appointed counsel entered a not guilty plea and requested a jury trial on defendant's behalf. The court set the case for the jury trial setting commencing July 30, 2018, and scheduled a pretrial appearance on July 17, 2018.

¶ 5 On June 20, 2018, a notice of criminal and traffic jury readiness was generated by the circuit clerk's office. According to the notice, defendant's case was set for jury trial before the "Presiding Judge" on July 30, 2018, with a pre-trial conference on July 17, 2018. Both defendant and his court appointed public defender were mailed a copy of the notice.

¶ 6 On July 5, 2018, attorney Todd M. Reardon entered his appearance on behalf of defendant. The same day, defendant filed a motion for substitution of judge as of right pursuant to section 114-5(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114-5(a) (West 2018)), seeking the removal of Judge Finson. The motion noted Judge Finson had made no substantive rulings. However, the motion did not allege Judge Finson had any prejudice against defendant.

¶ 7 On July 13, 2018, Judge Finson denied defendant's motion for substitution as untimely. At a pretrial hearing on July 24, 2018, defense counsel requested a continuance and asked the trial court to reconsider its denial of defendant's motion for substitution, arguing the court erred in finding the motion was untimely because defendant did not enter his not guilty plea until July 5. Defense counsel argued this would have been defendant's first opportunity to request a substitution of judge. Judge Finson disagreed, noting defendant entered a plea and demanded a jury trial on June 18, 2018. The court did allow defendant's request for a

continuance.

¶ 8　　　　　On December 12, 2018, defendant filed a motion to suppress evidence resulting from the traffic stop in question.  Defendant alleged the police officer had neither reasonable suspicion nor probable cause to stop his vehicle, which made any evidence discovered the fruit of the unlawful stop.  On January 8, 2019, the State filed a response, opposing the motion.

¶ 9　　　　　On February 26, 2019, the trial court held a hearing on defendant's motion to suppress. On examination by defense counsel, Deputy Robert Kidd of the Moultrie County Sheriff's Office testified he was on duty on May 19, 2018, at approximately 12:55 a.m.  His patrol car did not have any type of audio/video recording equipment because the equipment was being repaired.  The deputy followed defendant's vehicle for approximately three and a half to four miles on Route 32.  The highway ran between farm fields, and no road lights were present in the area.  Corn was planted in the surrounding fields, but it was still short.

¶ 10　　　　　Defendant's vehicle was traveling between 40 and 45 miles per hour (mph).  The speed limit was 55 mph.  Deputy Kidd agreed the road did not have a minimum speed limit and driving the speed limit is sometimes inappropriate depending on light and weather conditions. Defendant did not cross the center line or touch the fog line on the road.  His lights were also operating properly.  The weather was clear that night.

¶ 11　　　　　As noted earlier, Deputy Kidd stopped defendant at 12:55 a.m.  On cross-examination, he noted the stop occurred on a Saturday morning. Based on his experience as a deputy, he wrote the majority of DUI tickets late on Friday and early on Saturday because bars in the area close around 1 a.m.  While following defendant's vehicle, he observed the truck was swerving within its lane of traffic.  Although defendant was driving well below the speed limit, he hit his brakes several times.  The deputy testified he observed no obstructions or other

reasons why defendant would have needed to swerve the vehicle or apply his brakes.

¶ 12         Based on his experience, Deputy Kidd testified deer were not usually present in the area where he was following defendant, and he did not see any hazards created by deer that night. According to the deputy, he pulled defendant over based on a combination of factors. Defendant was swerving within his lane of traffic, he was driving well below the speed limit, and he unnecessarily applied his brakes. The deputy was concerned defendant may have been driving under the influence because of defendant's driving, the day of the week, and the time of night.

¶ 13         The trial court denied defendant's motion to suppress, finding the deputy had reasonable suspicion to stop defendant's vehicle. According to the court:

> "Deputy Kidd testified to the Defendant's speed of 40 to 45 miles an hour, tapping the brakes, his weaving within the roadway. The time of day was a little after midnight. The day of the week. It was, if I understand correct, it's Friday night/Saturday morning, and his reasonable articulable suspicion was that the driver might be under the influence of alcohol, so he pulled the driver over and all the other evidence that will be brought out at trial will stem from that."

¶ 14         On May 7, 2019, defendant waived his right to a jury trial.

¶ 15         On June 27, 2019, the trial court conducted a stipulated bench trial, found the State proved defendant guilty of DUI beyond a reasonable doubt, and sentenced him to 24 months' probation, 180 days in jail, and imposed other fines and mandatory conditions. The court ordered defendant to serve 10 days in jail commencing on July 18, 2019, with the remaining 170 days stayed pending a remission hearing.

¶ 16         Defendant filed this appeal.

¶ 17                           II. ANALYSIS

¶ 18                           A. Substitution of Judge

¶ 19          Defendant first argues Judge Finson erred by not granting his motion for automatic substitution of judge pursuant to section 114-5(a) of the Code (725 ILCS 5/114-5(a) (West 2018)). Judge Finson ruled the motion was untimely. We review *de novo* the denial of a motion for substitution of judge as of right. *People v. Crenshaw*, 2017 IL App (4th) 150170, ¶ 21, 79 N.E.3d 289.

¶ 20          Section 114-5(a) of the Criminal Procedure Code (725 ILCS 5/114-5(a) (West 2018)) states:

> "Substitution of judge. (a) Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of that judge on the ground that such judge is so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion. The defendant may name only one judge as prejudiced, pursuant to this subsection; provided, however, that in a case in which the offense charged is a Class X felony or may be punished by death or life imprisonment, the defendant may name two judges as prejudiced."

The provisions of this statute are to be liberally construed because the statute involves a defendant's constitutional right to a fair trial. *People v. Evans*, 209 Ill. 2d 194, 215, 808 N.E.2d 939, 951 (2004). However, this does not mean a motion for substitution will always be considered timely. *Evans*, 209 Ill. 2d at 215, 808 N.E.2d at 951.

¶ 21          "Because assignments are not uniform, courts examine timeliness using the

'charged with knowledge' test. Under this test, a motion is timely if it is filed within 10 days of when a defendant could be 'charged with knowledge' that the judge has been assigned to his or her case. [Citation.] This examination is case specific and depends upon the record presented in each case." *Evans*, 209 Ill. 2d at 216, 808 N.E.2d at 951 (citing *People v. McDuffee*, 187 Ill. 2d 481, 490, 719 N.E.2d 732, 737 (1999)). The test for determining the 10-day period is not dependent on the existence of a formally executed order assigning a judge. *McDuffee*, 187 Ill. 2d at 490, 719 N.E.2d at 737.

¶ 22 We know Judge Finson presided over the hearing on June 18, 2018, and appointed the public defender, who was present, to represent defendant. The public defender entered a not-guilty plea and demanded a jury trial on defendant's behalf at the same hearing. In denying defendant's motion for substitution as of right, Judge Finson ruled the motion was untimely because the 10-day period for defendant to file this motion started on June 18, 2018.

¶ 23 On appeal, the State argues Judge Finson was correct in starting the 10-day period on June 18, 2018. Defendant argues he should not be charged with knowing Judge Finson would be the judge assigned to hear his case simply because he first appeared before Judge Finson. Defendant notes the transcript of the June 18, 2018, hearing, does not establish Judge Finson informed defendant he would be the judge presiding over defendant's entire case. Although not mentioned by defendant, we note a notice sent to defendant and his attorney on June 20, 2018, by the Moultrie County circuit court also did not specify Judge Finson would be the trial judge throughout defendant's case.

¶ 24 However, we do not need to determine when defendant should be charged with knowing Judge Finson was assigned to be the judge in this case. We can affirm the trial court's decision to deny defendant's motion for substitution for any reason found in the record. *People*

*v. Lee*, 2016 IL App (2d) 150359, ¶ 14, 50 N.E.3d 37. The State argues we can affirm the trial court's decision because defendant did not allege Judge Finson was prejudiced against him. Defendant did not file a reply brief arguing the court's denial of the motion could not be affirmed on this alternative ground.

¶ 25    We agree with the State. In *People v. Burns*, 188 Ill. App. 3d 716, 720-21, 544 N.E.2d 466, 469 (1989), this court held a defendant's motion for automatic substitution of the trial court judge failed to meet the minimal requirements for automatic substitution because the motion filed within the statutory 10-day period did not include an allegation the trial judge was prejudiced against the defendant. According to this court's opinion, "The failure to allege prejudice is a failure to comply with the statute. A defendant who wishes to avail himself of an automatic substitution must meet the requirements of the statute." Because defendant in this case did not allege Judge Finson was prejudiced against him, we affirm the trial court's denial of defendant's motion for automatic substitution.

¶ 26                              B. Motion to Suppress

¶ 27    Defendant next argues the trial court erred in denying his motion to suppress. According to defendant, the court erred in determining Deputy Kidd had reasonable suspicion to stop defendant's vehicle.

¶ 28    When reviewing a trial court's denial of a suppression motion, we will uphold the court's factual findings unless they are against the manifest weight of the evidence but will apply a *de novo* standard to the court's ultimate determination to deny the motion. *People v. Gaytan*, 2015 IL 116223, ¶ 18, 32 N.E.3d 641. Our supreme court has stated: "Vehicle stops are subject to the fourth amendment's reasonableness requirement." *People v. Hackett*, 2012 IL 111781, ¶ 20, 971 N.E.2d 1058. "[T]he touchstone of the fourth amendment is reasonableness, which is

measured objectively by examining the totality of the circumstances surrounding a police officer's encounter with a citizen." *People v. Lake*, 2015 IL App (4th) 130072, ¶ 28, 28 N.E.3d 1036.

¶ 29    Generally, a police officer's decision to stop a vehicle is reasonable if the officer has probable cause to believe a traffic violation has occurred. *Hackett*, 2012 IL 111781, ¶ 20. However, for purposes of the fourth amendment, regardless of whether an officer has probable cause to believe a violation has occurred, the officer may make a brief, investigatory stop of the vehicle if he has a reasonable suspicion the driver has violated the law. *Hackett*, 2012 IL 111781, ¶ 20. The officer must be able to point to specific and articulable facts, along with rational inferences from those facts, which reasonably justify the stop. *People v. Colyar*, 2013 IL 111835, ¶ 40, 996 N.E.2d 575. When examining an officer's decision to stop a defendant, we apply an objective standard to determine whether the facts known by the officer at the moment of the seizure justify the stop. *Hackett*, 2012 IL 111781, ¶ 29.

¶ 30    The trial court apparently found Deputy Kidd's testimony credible with regard to defendant's swerving within his lane of traffic, speed, and unnecessary application of the vehicle's brakes. Defendant does not argue the court erred in finding Deputy Kidd credible. Instead, defendant focuses on Deputy Kidd's testimony based on his hunting experience that deer were not known to frequent the area where Deputy Kidd was following defendant. According to defendant, the trial court inappropriately considered Deputy Kidd's testimony regarding deer activity in the area.

¶ 31    However, in ruling on the motion to suppress, the trial court made no mention of Deputy Kidd's testimony regarding deer. Instead, as noted above, the court focused on the deputy's testimony regarding defendant's driving, the time of night, and the fact it was a Friday

night/Saturday morning.

¶ 32        Based on the evidence presented at the suppression hearing, the trial court did not err in finding Deputy Kidd had reasonable suspicion defendant was driving under the influence because of defendant's swerving and unnecessary braking. These facts were sufficient for an objective officer to have reasonable suspicion justifying the stop of defendant's vehicle.

¶ 33                              III. CONCLUSION

¶ 34        For the reasons stated, we affirm the trial court's judgment.

¶ 35        Affirmed.