NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 190669-U

NO. 4-19-0669

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 14, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| DUSTIN D. COOPER, | ) | No. 16CF540 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Nancy S. Fahey, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court reversed and remanded for a new trial, concluding the trial
court improperly denied defendant's motion for substitution of judge as untimely.

¶ 2     In August 2016, the State charged defendant, Dustin D. Cooper, with possession
of a controlled substance with intent to deliver (count I) and possession of a controlled substance
(count II).  In December 2018, a jury found defendant guilty on both counts.  In June 2019, the
trial court sentenced defendant to 18 years' imprisonment.

¶ 3     Defendant appeals, arguing (1) the trial court erred by denying defendant's
motion for substitution of judge, (2) trial counsel was ineffective for failing to adequately
cross-examine the State's key witness or investigate and call defense witnesses, (3) the court
erred by denying defendant's motion to suppress statements defendant made to police, (4) the
court erred by improperly admonishing jurors under Illinois Supreme Court Rule 431(b) (eff.

July 1, 2012), and (5) the sentencing court failed to properly consider the factors in aggravation and mitigation in sentencing defendant. On May 24, 2021, the Illinois Supreme Court denied the petition for rehearing in *People v. Birge*, 2021 IL 125644, ¶ 40-41 (holding that the purpose of Rule 431(b) was not undermined by reciting the *Zehr* principles together rather than as separate questions). Accordingly, defendant has withdrawn his fourth argument regarding Rule 431(b) and we do not address the issue. For the following reasons, we reverse the trial court's judgment.

¶ 4                                            I. BACKGROUND

¶ 5              As we find the issue of defendant's motion for substitution of judge dispositive, we summarize only those facts necessary for the resolution of this issue.

¶ 6              In August 2016, the State charged defendant with possession of a controlled substance with intent to deliver (count I) and possession of a controlled substance (count II). On August 22, 2017, defense counsel received an e-mail from Judge Thomas O'Shaughnessy informing her and the members of the Vermilion County bar that Judge Nancy Fahey would be taking over the felony trial call on September 1, 2017. On September 7, 2017, defense counsel filed a motion for substitution of judge under section 114-5(a) of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure) (725 ILCS 5/114-5(a) (West 2016)). The motion alleged defendant's first knowledge of the judge assigned to the matter was August 30, 2017, and the motion was filed within 10 days after the matter was placed on Judge Fahey's trial call.

¶ 7              The State objected to the motion and asked the court to take judicial notice of the August 22, 2017, e-mail. The State argued the motion was untimely because the 10-day filing period began on the date counsel learned of the assignment. Defense counsel argued Judge Fahey took over the call on September 1, 2017, making the September 7, 2017, motion timely.

- 2 -

The trial court found defense counsel was informed Judge Fahey was taking over the call on August 22, 2017, and the motion was not filed within the 10-day filing period. The court noted defense counsel acknowledged, in a prior case, she learned Judge Fahey would be taking over the felony trial call on August 22, 2017, and filed a motion for substitution of judge as of right within 10 days of that date. Accordingly, the court denied the motion as untimely.

¶ 8        In December 2018, the matter proceeded to a jury trial. The jury found defendant guilty of both charges. In May 2019, the trial court denied defendant's motion for a new trial based on ineffective assistance of counsel. In June 2019, the court sentenced defendant to 18 years' imprisonment.

¶ 9        This appeal followed.

¶ 10                                II. ANALYSIS

¶ 11        On appeal, defendant argues (1) the trial court erred by denying defendant's motion for substitution of judge, (2) trial counsel was ineffective for failing to adequately cross-examine the State's key witness or investigate and call defense witnesses, (3) the court erred by denying defendant's motion to suppress statements defendant made to police, and (4) the sentencing court failed to properly consider the factors in aggravation and mitigation in sentencing defendant. As we find the denial of defendant's motion for substitution of judge dispositive, we decline to address defendant's other claims.

¶ 12        Defendant asserts the trial court erred by denying his motion for substitution of judge as untimely. Specifically, defendant asserts the court erred in determining the 10-day filing period began on August 22, 2017, which was when defense counsel learned Judge Fahey would be taking over the felony trial call on September 1, 2017. Defendant asserts the

September 7, 2017, motion was timely because the case was not placed on Judge Fahey's call until September 1, 2017.

¶ 13    Under the Code of Criminal Procedure, a defendant in a criminal case has the right to the substitution of judge upon the filing of a timely written motion pursuant to section 114-5(a).  725 ILCS 5/114-5(a) (West 2016).  "Pursuant to the statute, a defendant must be granted an automatic substitution of judge if the defendant meets the following requirements: (1) the motion is made within 10 days after defendant's case is placed on the judge's trial call; (2) the motion names only one judge unless the defendant is charged with a Class X felony, in which case he may name two judges; (3) the motion is in writing; and (4) the motion alleges the trial judge is so prejudiced against the defendant that the defendant cannot receive a fair trial." *People v. King*, 2020 IL 123926, ¶ 30, 161 N.E.3d 143.  The motion must be made before the judge makes any substantive rulings in the case.  *Id.*

¶ 14    Section 114-5(a) protects the constitutional right to a fair trial by giving the defendant a substantive right to substitute a judge who appears to be prejudiced in order to avoid a trial before a judge whose impartiality the defendant, in good faith, questions.  *People v. McDuffee*, 187 Ill. 2d 481, 488, 719 N.E.2d 732, 736 (1999).  "To this end, the provisions of the statute are to be construed liberally to promote rather than defeat substitution, and reversible error occurs where that statute is not so construed."  (Internal quotation marks omitted.)  *Id.*

¶ 15    A motion for substitution of judge as of right is timely when it is made "[w]ithin 10 days after a cause *** has been placed on the trial call of a judge."  725 ILCS 5/114-5(a) (West 2016).  "The commencement of this 10-day period, however, is not uniform.  This is true because the assignment of judges to a cause varies in Illinois."  *People v. Evans*, 209 Ill. 2d 194, 215, 808 N.E.2d 939, 951 (2004).

- 4 -

"In Illinois, there is no statute or supreme court rule which requires that the assignment of judges be made in a formal, written fashion. Indeed, in some judicial circuits, '[i]t is the customary, if not the daily, practice for circuit judges and associate judges to be assigned specific cases, or even transferred to different counties by personal or oral telephone assignments.' [Citation.] The procedures for assigning judges vary from circuit court to circuit court, and the rules of a given circuit court may not require formal judicial assignment orders in all cases. [Citations.]

In part because there is no uniform, statewide requirement that judicial assignments be formally executed, the appellate court has developed a test for calculating the 10-day period set forth in section 114-5(a) which does not depend upon the existence of an official assignment date. [Citation.] For at least 30 years [(now, 50 years)], the appellate court has held, in conformance with this court's direction that section 114-5(a) must be liberally construed [citation], that a motion for substitution is timely filed if it is brought within 10 days of the date the defendant could be 'charged with knowledge' that the judge at issue had been assigned to his case. [Citations.]" *McDuffee*, 187 Ill. 2d at 489-90.

¶ 16    Here, defense counsel received an e-mail on August 22, 2017, informing her that Judge Fahey would assume the felony trial call on September 1, 2017. Defendant contends the 10-day filing period commenced on September 1, 2017, and his September 7, 2017, motion for

substitution was timely. The State contends the 10-day filing period began on August 22, 2017, when defense counsel's knowledge of Judge Fahey's assignment could be imputed to defendant. The State therefore argues the September 7, 2017, motion for substitution was untimely because it was not filed within 10 days of August 22, 2017. The trial court agreed with the State and further noted that defense counsel had recognized August 22, 2017, as the date the 10-day filing period commenced in another case before the court (a case in which defense counsel filed a motion for substitution on September 1, 2017).

¶ 17        We agree with defendant that the 10-day filing period for a motion for substitution of judge began to run on September 1, 2017. Section 114-5(a) provides that "[w]ithin 10 days after a cause *** has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of that judge ***." 725 ILCS 5/114-5(a) (West 2016). As discussed above, the August 22, 2017, e-mail indicated the actual placement of defendant's case on Judge Fahey's trial call was not effective and did not occur until September 1, 2017. At the hearing on defendant's motion for substitution of judge, the prosecutor stated the e-mail indicated Judge Fahey "would begin the felony call on September 1." To conclude the 10-day filing period began on August 22, 2017, would ignore the plain language of the e-mail and render the September 1, 2017, date superfluous.

¶ 18        Moreover, it would have been improper for defendant to file his motion for substitution of judge before September 1, 2017. "The automatic-substitution-of-judge provision makes clear that its protections may be invoked only *after* assignment is made and then only 'within 10 days after' the case has been placed on the trial calendar of the assigned judge." (Emphasis in original.) *People v. Walker*, 119 Ill. 2d 465, 477, 519 N.E.2d 890, 894 (1988); *People v. Williams*, 217 Ill. App. 3d 791, 796-97, 577 N.E.2d 944, 948 (1991) (finding a motion

for substitution of judge was properly denied because it was filed before the date of a judge's assignment as shown by the record and, thus, was premature).

¶ 19     The State argues defendant was "charged with knowledge" of Judge Fahey's assignment on August 22, 2017. Accordingly, the State asserts the 10-day filing period began to run when defendant gained the knowledge of Judge Fahey's assignment. This contravenes the requirement that section 114-5(a) be liberally construed. The "charged with knowledge" method is meant to be "in conformance with the [supreme court's] direction that section 114-5(a) must be liberally construed." *McDuffee*, 187 Ill. 2d at 490-91; see also *People v. Massarella*, 80 Ill. App. 3d 552, 562-63, 400 N.E.2d 436, 445 (1979) (stating section 114-5(a) is "liberally interpreted" through the "charged with knowledge" method). Accordingly, it is intended to promote substitution and it should not be applied in a manner that is more restrictive than the plain and ordinary language of section 114-5(a) itself.

¶ 20     As discussed above, the statutory language requires that the 10-day filing period begins to run when a case "has been placed" on a particular judge's trial call. Here, the record demonstrates the placement of defendant's case on Judge Fahey's call was effective on September 1, 2017, and that date should be used to determine the timeliness of his motion for substitution of judge. Because the September 7, 2017, motion for substitution of judge was filed within 10 days of the placement of defendant's case on Judge Fahey's call, the trial court erred by denying the timely motion. When a timely motion for substitution of judge is improperly denied, any subsequent action by the trial court is void. *McDuffee*, 187 Ill. 2d at 492. Therefore, we reverse the judgment of the trial court and remand the matter for a new trial before a different judge.

¶ 21                              III. CONCLUSION

¶ 22        For the reasons stated, we reverse the trial court's judgment and remand for a new trial.

¶ 23        Reversed and remanded.